THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD R. ROTHMAN, Defendant-Appellant.

First District (3rd Division)    No. 1—03—1635

Opinion filed March 31, 2004.

Richard Rothman, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and James M. Bailey II, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HALL delivered the opinion of the court:

Pursuant to Supreme Court Rule 604(f) (188 Ill. 2d R. 604(f)), the defendant, Richard R. Rothman, appeals the denial of his motion to dismiss based on double jeopardy grounds. We affirm and remand this case to the circuit court for further proceedings.

The facts of this case are not in dispute.

On August 22, 2002, the State filed a petition for rule to show cause against the defendant in Gran-Oak Condominium Ass'n, Inc. v. Atiliano D. Bondoc, No. 10 M1 720548 (Cir. Ct. Cook Co.). The petition alleged as follows.

On May 6, 2002[1], the defendant appeared before Circuit Court Judge Sheldon Garber on a motion to vacate a previously entered dismissal order and requested a continuance of his motion. Attorney Eric C. Patt informed Judge Garber that the defendant was not authorized to practice law due to a suspension of his law license and that there was no motion to vacate the dismissal order attached to the notice of motion. The defendant informed Judge Garber that he was appealing his suspension in federal court, but that, due to his suspension, he could not write the motion. Judge Garber denied the motion and called the next case. As Mr. Patt was leaving the courtroom, the defendant struck Mr. Patt on the back of the head.

Judge Garber ordered the courtroom deputy to bring the defendant back into the courtroom and to place him in the jury room. While in

---

[1]The August 22, 2002, petition stated that the date of the incident was June 17, 2002. The State's motion to amend the date to May 6, 2002, was granted on September 27, 2002.

the custody of the deputy, the defendant escaped but was subsequently apprehended by Cook County sheriff's police and the Chicago police.

The petition sought a finding, based on the above facts, that the defendant's conduct was willful and contumacious and requested that the defendant be fined or otherwise sanctioned.

On November 14, 2002, the defendant filed a motion to dismiss the State's petition. In his motion, the defendant alleged that on October 28, 2002, he had been tried for battery arising out of the same incident and that the State's petition should be dismissed on the basis of double jeopardy and other due process violations.[2]

On November 19, 2002, Circuit Court Judge James P. McCarthy denied the defendant's motion. This appeal followed.

## ANALYSIS

The defendant contends that the State's petition for rule to show cause is barred by his plea of guilty to the battery charge.

### I. Standard of Review

■ When, as here, the issues raised are purely issues of law, the court reviews the record *de novo*. *People v. Daniels*, 187 Ill. 2d 301, 307, 718 N.E.2d 149, 155 (1999); see also *People v. Walker*, 308 Ill. App. 3d 435, 438, 720 N.E.2d 297, 299-300 (1999) (while the defense of double jeopardy combines questions of law and fact, a question of law arises when neither the credibility of the witnesses nor the facts are at issue).

### II. Discussion

■ The double jeopardy clause of the fifth amendment, made applicable to the states through the fourteenth amendment, provides that no person shall " 'be subject for the same offence to be twice put in jeopardy of life or limb.' [Citation.]" *People v. Sienkiewicz*, 208 Ill. 2d 1, 4, 802 N.E.2d 767, 770 (2003). The same protection is afforded to the citizens of this state by the Illinois Constitution. *Sienkiewicz*, 208 Ill. 2d at 4, 802 N.E.2d at 770; Ill. Const. 1970, art. I, § 10. The prohibition against double jeopardy " ' "protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." ' [Citations.]" *Sienkiewicz*, 208 Ill. 2d at 4, 802 N.E.2d at 770.

■ In *Sienkiewicz*, our supreme court readopted the *Blockburger* "same elements" test as the proper means of examining potential

---

[2]On November 8, 2002, the State, anticipating the defendant's motion to dismiss, filed a response in which it alleged that on October 28, 2002, the defendant had stipulated to the facts of the battery case and was sentenced.

violations of the Illinois double jeopardy clause. *Sienkiewicz*, 208 Ill. 2d at 4-5, 802 N.E.2d at 770; *Blockburger v. United States*, 284 U.S. 299, 76 L. Ed. 2d 306, 52 S. Ct. 180 (1932). The *Blockburger* test "inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars additional punishment and successive prosecution. [Citations.]" *Sienkiewicz*, 208 Ill. 2d at 5, 802 N.E.2d at 770.

However, prior to applying the *Blockburger* test, this court must determine, first, if the petition for rule to show cause against the defendant is based on a different act than his battery conviction. See *Sienkiewicz*, 208 Ill. 2d at 6-7, 802 N.E.2d at 771.

■ The defendant maintains that his conviction for battery and the petition for rule to show cause are based on the same act, namely, that the defendant struck Mr. Patt. However, the petition for rule to show cause alleged that the defendant, having struck Mr. Patt, then failed to comply with Judge Garber's detention order by escaping from the building. Therefore, the defendant's conviction for battery and the petition for rule to show cause filed against him do not arise from the same act.

The defendant's reliance on *In re Marriage of D'Attomo*, 211 Ill. App. 3d 914, 570 N.E.2d 796 (1991), is misplaced. In that case, the defendant's conviction for child abduction barred a contempt proceeding against him for violating a court order by removing the child from the jurisdiction because the two offenses were the same. *D'Attomo*, 211 Ill. App. 3d at 922, 570 N.E.2d at 801-02. In the present case, striking Mr. Patt and disobeying a court's detainment order are two different offenses.

We conclude that the State is not barred from proceeding against the defendant on the rule to show cause, and therefore, the defendant's motion to dismiss on the grounds of double jeopardy was properly denied.

■ The defendant then contends that the prosecution of the rule to show cause is barred by sections 3—3 and 3—4 of the Criminal Code of 1961 (720 ILCS 5/3—3, 3—4 (West 2000)). Section 3—3(b) provides in pertinent part as follows:

"Multiple Prosecutions for the Same Act. (a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act." 720 ILCS 5/3—3(a), (b) (West 2000).

Section 3—4(b)(1) provides in pertinent part as follows:

"(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

(1) Resulted in either a conviction or acquittal, and the subsequent prosecution *** was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code." 720 ILCS 5/3—4(b)(1) (West 2000).

■ However, the fact that multiple offenses arise from distinct, but related, acts in the course of a single course of conduct is irrelevant for purposes of compulsory joinder. *People v. Gooden*, 189 Ill. 2d 209, 219, 725 N.E.2d 1248, 1254 (2000). Independent, overt acts that constitute different offenses are not required to be joined because they are not offenses " 'based on the same act.' " *Gooden*, 189 Ill. 2d at 219-20, 725 N.E.2d at 1254, quoting *People v. Mueller*, 109 Ill. 2d 378, 385, 488 N.E.2d 523, 526 (1985).

■ In the present case, the defendant committed two separate acts; striking Mr. Patt and disobeying Judge Garber's detention order. Therefore, the separate prosecutions in this case were not required to be joined as they did not constitute multiple prosecutions for the same act.

The defendant has raised additional issues in his brief, namely, the violation of his right against self-incrimination and his right to a speedy trial. However, this appeal is limited to the issue of whether double jeopardy barred the proceedings on the petition for rule to show cause. See *People v. Fako*, 312 Ill. App. 3d 313, 316-17, 726 N.E.2d 734, 738 (2000) (scope of review under Rule 604(f) is limited to former jeopardy claims and does not extend to claims that cannot independently form a basis for review under Rule 604(f)). Having resolved that issue, we affirm the circuit court's order and remand for further proceedings.

The judgment of the circuit court of Cook County is affirmed and the cause remanded.

Affirmed and remanded.

SOUTH and KARNEZIS, JJ., concur.