THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant and Cross-Appellee, v. NATHSON FIELDS, Defendant-Appellee and Cross-Appellant.

First District (6th Division)   No. 1—03—2847

Opinion filed May 20, 2005.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James Fitzgerald, and Janet Powers Doyle, Assistant State's Attorneys, of counsel), for the People.

Herschella G. Conyers, of Edwin F. Mandel Legal Aid Clinic, and Jean Maclean Snyder, of MacArthur Justice Center, both of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

This case is another step in the extensive history of a murder charge filed against Nathson Fields. After our supreme court affirmed his conviction (*People v. Fields*, 135 Ill. 2d 18 (1990)), Fields filed a postconviction petition for a new trial. The trial court granted the petition and our supreme court affirmed the decision. *People v. Hawkins*, 181 Ill. 2d 41 (1998). Before retrial the prosecution brought an interlocutory appeal from a decision that suppressed some evidence. This court affirmed the decision. *People v. Hawkins*, 326 Ill. App. 3d 992 (2001). On remand, again before retrial, the prosecution moved to present new evidence closely related to the evidence suppressed by the order that led to the previous appeal. The trial court suppressed the new evidence also and the prosecution now takes another interlocutory appeal. Fields cross-appeals from the denial of his motion to dismiss the charges for violation of his right to a speedy trial.

We find that the prosecution has not shown due diligence in its efforts to obtain the new evidence, and the interlocutory appeal does not afford us jurisdiction to consider the cross-appeal. Therefore we affirm the trial court's decision.

Following a bench trial in 1986, former judge Thomas Maloney found Fields and codefendant Earl Hawkins guilty of murder. In 1987 Hawkins began cooperating with an investigation into corruption in the criminal courts. Hawkins agreed to plead guilty to federal bribery charges in exchange for a sentence of 60 years in prison. The written agreement, signed by a federal prosecutor, Hawkins, and the Cook County State's Attorney, provides:

> "[Hawkins] agrees he will cooperate fully with both the federal government and the Cook County State's Attorney's Office in any investigation in which he is called upon to cooperate that is related to or results from the [bribery] charges in this case."

A federal jury, in 1993, found Maloney guilty of conspiracy to commit extortion and obstruction of justice. The prosecution proved that Maloney accepted a $10,000 bribe to acquit Hawkins and Fields on the murder charges. Maloney returned the bribe and entered convictions against Fields and Hawkins when he realized that the FBI was watching him.

Fields filed a postconviction petition in 1992 based on evidence of Maloney's corruption. The trial court granted the petition for a new trial. Before the retrial the prosecution announced that it would present evidence of the bribe to show Fields's consciousness of guilt. The trial court, at a pretrial hearing, suppressed the evidence.

Pretrial proceedings resumed after this court affirmed the decision on the motion to suppress. Fields moved to dismiss the charges based on violation of the speedy trial statute. See 725 ILCS 5/103—5 (West 2002). The trial court denied the motion.

Shortly before the scheduled retrial the prosecution announced its renewed intention to introduce evidence of the bribe. The prosecution claimed that it obtained new evidence in an interview with Hawkins in December 2002, a few months after the prosecution decided to drop the murder charges against Hawkins. Hawkins agreed to plead guilty to armed violence, and the prosecution agreed to recommend a sentence to run concurrently with Hawkins's imprisonment on federal bribery charges. In the December 2002 interview, Hawkins said that Fields had participated in discussions of the bribe.

The trial court again suppressed the evidence. The prosecution again filed a notice of appeal and a certificate stating that the ruling will substantially impair prosecution of the murder charge. Fields filed a notice of cross-appeal from the denial of the motion to dismiss for violation of the statutory right to a speedy trial.

We review the decision to suppress evidence for abuse of discretion. *Hawkins*, 326 Ill. App. 3d at 995. Our prior decision established, as the law of the case, that the trial court did not abuse its discretion when it suppressed the evidence of bribery initially presented to the court. We will not reverse the trial court's decision here unless the new evidence of bribery materially changes the facts of the case and "the new evidence [is] not *** of a nature that with due diligence could have been presented earlier." *People v. Williams*, 138 Ill. 2d 377, 394 (1990).

■ The prosecution argues that it acted with due diligence because "the People were prohibited from speaking with Hawkins during the time that he was still facing murder charges." The prosecution cites no authority for this odd proposition. Does the prosecution seriously suggest that police officers who arrest a person on a criminal charge are "prohibited from" interviewing that person? Does the prosecution claim that an assistant State's Attorney cannot ask a person charged with a crime whether he will give up his right to silence and agree to answer questions about the alleged offense? The law appears to contradict any such suggestion. See *People v. Kolakowski*, 319 Ill. App. 3d 200, 215-17 (2001).

The prosecution's assertion also contradicts the express agreement Hawkins signed during the initial investigation into the charge of bribery. Hawkins agreed to "cooperate fully with *** the Cook County State's Attorney's Office in any investigation *** that is related to or results from the charges in this case."

Moreover, the prosecution obtained the new evidence with the simple expedient of a plea agreement in which the prosecution dropped the murder charges against Hawkins. The prosecution does not explain why it could not have used this same expedient to obtain this same evidence prior to its initial motion to present bribery evidence on retrial. See *People v. Harris*, 206 Ill. 2d 293, 301 (2002). Because the prosecution has not shown due diligence, we cannot say that the trial court abused its discretion by suppressing the bribery evidence.

Fields cross-appeals from the denial of his motion to dismiss the charges due to a violation of the speedy trial statute. The prosecution challenges our jurisdiction to consider the cross-appeal. Fields argues that we should consider the cross-appeal in the interest of judicial economy. In support he cites *People v. Quigley*, 183 Ill. 2d 1 (1998).

■ The defendant in *Quigley* moved to dismiss the charges against him on double jeopardy and speedy trial grounds. The trial court denied both motions. The defendant took an interlocutory appeal pursuant to Supreme Court Rule 604(f) (188 Ill. 2d R. 604(f)), which grants this court jurisdiction to hear an interlocutory appeal from the

denial of a motion to dismiss on double jeopardy grounds. On appeal the defendant argued the speedy trial issue as well as the double jeopardy issue. Our supreme court addressed the speedy trial issue "in the interest of judicial economy." *Quigley*, 183 Ill. 2d at 13. As authority the court cited Supreme Court Rule 366(a)(5), which provides:

"In all appeals the reviewing court may, in its discretion, and on such terms as it deems just,

\* \* \*

\*\*\* enter any judgment and make any order that ought to have been given or made \*\*\*." 155 Ill. 2d R. 366(a)(5).

But in *People v. Johnson*, 208 Ill. 2d 118 (2003), our supreme court took a much more restrictive view of appellate jurisdiction over interlocutory appeals in criminal cases. In *Johnson* the trial court found admissible some statements the defendant made following arrest, but the court suppressed other statements made near the same time. The prosecution appealed the suppression order. The appellate court affirmed, finding that police arrested the defendant without probable cause. The court noted that the basis for its ruling showed that the trial court erred when it found the other postarrest statements admissible. The court modified the suppression order to bar all of the defendant's postarrest statements and affirmed the suppression order as modified.

Our supreme court affirmed that part of the judgment that affirmed suppression of the statements the trial court suppressed. *Johnson*, 208 Ill. 2d at 138. But our supreme court found that the appellate court exceeded its jurisdiction when it modified the order to suppress the other statements obtained following the illegal arrest. While the court did not mention *Quigley*, it specifically rejected the reason given in *Quigley* for addressing the related issue.

"[W]hen the government appeals an order of the trial court granting a motion to suppress evidence, the appeal brings before the appellate court only that evidence which was actually suppressed by the trial court. \*\*\*

\* \* \*

\*\*\* [D]efendant argues that principles of judicial economy would permit the appellate court to modify the circuit court's judgment. \*\*\*

The difficulty with this argument is that the bar to the appellate court suppressing the two statements defendant made \*\*\* is jurisdictional. Under Rule 604(a)(1), the appellate court has no jurisdiction to suppress evidence that was not suppressed by the circuit court in the first instance. \*\*\* Principles of judicial economy may not trump the jurisdictional barrier erected by Rule 604(a)(1) in this case." *Johnson*, 208 Ill. 2d at 138-41.

We note that the rule on which the court relied in *Quigley*, Rule 366, is a rule of civil appeals that the supreme court has not made applicable to criminal appeals. See 177 Ill. 2d R. 612. *Quigley* does not appear to remain viable authority for interpretation of appellate jurisdiction over interlocutory appeals in criminal cases. Under the reasoning of *Johnson*, on interlocutory appeals pursuant to Rule 604(a)(1), this court lacks jurisdiction to consider any issues apart from the suppression of evidence. See also *People v. Rothman*, 347 Ill. App. 3d 587, 591 (2004).

Finally, Fields argues that we should address his cross-appeal under Rule 604(f), which permits a defendant to appeal an order denying his motion to dismiss charges on double jeopardy grounds. Defendant suggests that his motion to dismiss on speedy trial grounds closely resembles a double jeopardy challenge.

In *Rothman*, 347 Ill. App. 3d at 591, the court held that Rule 604(f) review does not permit review of the denial of a defendant's motion to dismiss on speedy trial grounds. We adhere to the ruling in *Rothman*. If our supreme court intended to include review of speedy trial issues in interlocutory appeals under Rule 604(f), it would have said so. We find that we lack jurisdiction to consider the cross-appeal from the denial of defendant's motion to dismiss the case for violation of his statutory right to a speedy trial.

The prosecution did not show due diligence in its efforts to obtain the allegedly new evidence of Fields's involvement in bribery. The trial court did not abuse its discretion by denying the prosecution's renewed motion to present evidence of bribery on retrial. We lack jurisdiction to consider Fields's cross-appeal from the denial of his motion to dismiss for violation of his right to a speedy trial. Accordingly, we affirm the decision of the trial court and we remand for further proceedings.

Affirmed and remanded.

FITZGERALD SMITH, P.J., and O'MARA FROSSARD, J., concur.