2022 IL App (1st) 210260
Opinion filed: July 21, 2022

FIRST DISTRICT
FOURTH DIVISION

No. 1-21-0260

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 CR 23139 01 |
| | ) | |
| THOMAS WARNER, | ) | Honorable |
| | ) | Alfredo Maldonado, Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Presiding Justice Reyes concurred in the judgment and opinion.
Justice Martin specially concurred, with opinion.

**OPINION**

¶ 1     Petitioner-appellant, Thomas Warner, pleaded guilty to one count of aggravated unlawful use of a weapon (AUUW) stemming from a multi-count information and was sentenced to one year imprisonment. Petitioner's AUUW conviction was based on a statute later found unconstitutional in *People v. Aguilar*, 2013 IL 112116, ¶ 22. After this conviction was vacated, petitioner sought a certificate of innocence (COI) pursuant to section 2-702 of the Code of Civil Procedure (Code) (735 ILCS 5/2-702 (West 2018)), which was denied. Petitioner appeals the circuit court's denial of his request for a COI. We affirm.

¶ 2     In 2012, petitioner was charged by information with one count of unlawful use of a weapon (UUW) within 1000 feet of a school (720 ILCS 5/24-1(a)(10) (West 2012)); one count of unlawful possession of a firearm (UPF) within 1000 feet of a school (*id.* § 24-3.1); and six counts of AUUW, including possessing a firearm without a valid firearm owner's identification card (*id.* §§ 24-1.6(a)(1), (a)(3)(C); (a)(2), (a)(3)(C)), and possessing a handgun while under 21 years of age (*id.*

§§ 24-1.6(a)(1), (a)(3)(I); (a)(2), (a)(3)(I)). The arrest report stated that at the time of the incident, petitioner was 17 years old and was within 1000 feet of a park and a school, during school hours.

¶ 3     Petitioner, represented by counsel, as part of a negotiated plea agreement, pleaded guilty to one count of AUUW (*id.* § 24-1.6(a)(1), (a)(3)(A)) in exchange for the State's agreement to nol-pros the seven remaining counts.

¶ 4     The parties stipulated to the following facts in support of petitioner's guilty plea. On December 5, 2012, Chicago police officer Jeffery Zwit and his partner were patrolling near Dunbar Career Vocational Academy and Dunbar Park (collectively, Dunbar) in response to recent robberies and gang violence in the area. At 1:14 p.m., the officers approached petitioner, who was "loitering" on the 2700 block of South Prairie Avenue in Chicago, about a block away from Dunbar. Petitioner backed away from the officers, keeping a hand in his jacket pocket. In the course of being arrested, petitioner stated, "I ain't going to lie, officer, I got a gun." The officers recovered a loaded .380-caliber handgun from petitioner's right coat pocket.

¶ 5     The circuit court accepted the guilty plea and sentenced petitioner to one year imprisonment on one count of AUUW. After the sentence was imposed and pursuant to the agreement, the State nol-prossed the remaining counts.

¶ 6     On October 30, 2018, during a sentencing hearing on petitioner's subsequent convictions on two aggravated battery charges with findings of severe bodily injuries and an aggravated discharge of a firearm charge (subsequent convictions), petitioner successfully petitioned the court to vacate his 2012 AUUW conviction pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)). The AUUW was vacated based on petitioner's argument that the conviction was rendered void by *Aguilar*, 2013 IL 112116, in which the supreme court held that section 24-1.6(a)(1), (a)(3)(A) was facially unconstitutional. Two of the six AUUW counts charged in the

information were based on the provision found unconstitutional in *Aguilar*; the other four AUUW counts, the UUW count, and the UPF count were constitutionally valid. After the sentencing hearing on the subsequent convictions, petitioner was sentenced to 24 years' imprisonment. The State, in this case, did not move to reinstate and did not refile the nol-prossed charges.

¶ 7 On October 27, 2020, petitioner filed a *pro se* petition for a COI under section 2-702 of the Code (735 ILCS 5/2-702 (West 2018)) (petition). Petitioner alleged that he had been convicted and incarcerated under a statute that was later declared unconstitutional. The petition contained no allegations to establish petitioner's innocence as to the other valid offenses charged in the information. The court set a hearing on the petition for December 4, 2020.

¶ 8 At the December 4 hearing, the State argued that, under section 2-702, petitioner was not entitled to a COI unless he established his innocence as to all of the offenses charged in the information. The court took the matter under advisement and set a status date for January 7, 2021.

¶ 9 On January 7, the State brought to the circuit court's attention the recent decision in *People v. Moore*, 2020 IL App (1st) 190435, where this court interpreted section 2-702 to provide that a petitioner must prove their innocence as to all of the offenses charged in an indictment or information in order to obtain a COI. The circuit court orally found that the petition failed to meet the requirements of section 2-702 and entered a written order denying the petition.

¶ 10 Petitioner appealed.

¶ 11 On appeal, petitioner argues that the circuit court erred in denying the petition where section 2-702 required only that he prove his innocence as to the charge upon which he was incarcerated and not as to the charges in the information that the State nol-prossed and did not move to reinstate and did not refile. In response, the State argues that, based on the plain language

of section 2-702, petitioner must establish his innocence as to all of the offenses charged in the information.

¶ 12    The parties' arguments regarding the denial of the COI present an issue of statutory interpretation, which we review *de novo*. *Id.* ¶ 11.

¶ 13    Our primary goal in interpreting a statute is to ascertain and give effect to the legislature's intent. *People v. Palmer*, 2021 IL 125621, ¶ 53. The best indicator of the intent is the language of the statute. *People v. Fields*, 2011 IL App (1st) 100169, ¶ 18 (citing *People v. Smith*, 236 Ill. 2d 162, 166-67 (2010)). We consider the statute as a whole and give the words used by the legislature their plain and ordinary meaning. *Palmer*, 2021 IL 125621, ¶ 53. In interpreting a statute, no part should be rendered meaningless or superfluous. *Hernandez v. Lifeline Ambulance, LLC*, 2019 IL App (1st) 180696, ¶ 10. We cannot "depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express." *People v. Woodard*, 175 Ill. 2d 435, 443 (1997).

¶ 14    If a statute is unambiguous, we will apply its terms as written and not consider extrinsic aids. *Hernandez*, 2019 IL App (1st) 180696, ¶ 11. If the statutory language is ambiguous, we may consider extrinsic aids to determine the legislature's intent. *Id.* "A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses ***." *Advincula v. United Blood Services*, 176 Ill. 2d 1, 18 (1996). We must not presume that the legislature intended absurd, inconvenient, or unjust results. *Palmer*, 2021 IL 125621, ¶ 53.

¶ 15    We now examine section 2-702 under these principles of interpretation.

¶ 16    Section 2-702 is titled "[p]etition for a certificate of innocence that the petitioner was innocent of *all offenses for which he or she was incarcerated*." (Emphasis added.) 735 ILCS 5/2-702 (West 2018). However, a title cannot override the plain language of the statute. *Moore*, 2020

IL App (1st) 190435, ¶ 18 (citing *Home Star Bank & Financial Services v. Emergency Care & Health Organization, Ltd.*, 2014 IL 115526, ¶ 40). We must go on and look at the body of the statute.

¶ 17    Subsection (a) explains that section 2-702 provides "innocent persons who have been wrongly convicted of crimes in Illinois and subsequently imprisoned" with an "avenue to obtain a finding of innocence so that they may obtain relief through a petition in the Court of Claims." 735 ILCS 5/2-702(a) (West 2018).

¶ 18    Subsection (b) sets forth who may petition for a COI and what a petitioner may request (*Moore*, 2020 IL App (1st) 190435, ¶ 19):

> "Any person convicted and subsequently imprisoned for one or more felonies by the State of Illinois which he or she did not commit may, under the conditions hereinafter provided, file a petition for certificate of innocence in the circuit court of the county in which the person was convicted. The petition shall request a certificate of innocence finding that the petitioner was innocent of *all offenses for which he or she was incarcerated*." (Emphasis added.) 735 ILCS 5/2-702(b) (West 2018).

¶ 19    Subsections (c) and (d) set forth the requirements as to the contents of the petition. *Moore*, 2020 IL App (1st) 190435, ¶ 19. Subsection (c) requires the petitioner to demonstrate that:

> "(1) he or she has been convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence; and
>
> (2) his or her judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either he or she was found not guilty at the new trial or he or she was not retried and the indictment or information

dismissed; or the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois; and

(3) his or her claim is not time barred by the provisions of subsection (i) of this Section." 735 ILCS 5/2-702(c) (West 2018).

And of particular significance to the issue here, subsection (d) requires that the petition

"state facts in sufficient detail to permit the court to find that the petitioner is likely to succeed at trial in proving that the petitioner is innocent of the *offenses charged in the indictment or information* or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State of Illinois, and the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." (Emphasis added.) *Id.* § 2-702(d).

¶ 20 Subsection (g) provides that a petitioner must prove four elements by a preponderance of the evidence to obtain a COI (*Moore*, 2020 IL App (1st) 190435, ¶ 21):

"(1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;

(2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; or (B) the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;

(3) the petitioner is innocent of the *offenses charged in the indictment or information* or his or her *acts or omissions charged in the indictment or information* did not constitute a felony or misdemeanor against the State; and

(4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." (Emphases added.) 735 ILCS 5/2-702(g) (West 2018).

¶ 21    If the court finds that a petitioner is entitled to a judgment, subsection (h) provides that "it shall enter a certificate of innocence finding that the petitioner was *innocent of all offenses for which he or she was incarcerated*." (Emphasis added.) *Id.* § 2-702(h).

¶ 22    Here, the parties agree that petitioner has met three of the four elements required to obtain a COI under section 2-702(g). The parties dispute whether petitioner met the third element— whether petitioner has proven by a preponderance of the evidence that he is "innocent of the offenses charged in the *** information." *Id.* § 2-702(g)(3).

¶ 23    The State argues that pursuant to subsections (d) and (g)(3) petitioner was required to plead and prove his innocence as to all of the offenses charged in the information, including those that it nol-prossed pursuant to a negotiated guilty plea. Petitioner argues that he was entitled to a COI because he proved his innocence as to the AUUW charge for which he was convicted and incarcerated and was not required to prove his innocence as to the charges in the information that were nol-prossed by the State and not reinstated or refiled.

¶ 24    To resolve the parties' disagreement, we must consider two similar, but distinct, phrases used by the legislature in section 2-702: "offenses for which he or she was incarcerated" found in subsections (b) and (h) and "offenses charged in the indictment or information" found in subsections (d) and (g)(3). The distinction in language is that subsections (d) and (g)(3) expressly

refer to those offenses for which a petitioner was charged while subsections (b) and (h) refer to those offenses for which a petitioner was eventually convicted and incarcerated.

¶ 25    " 'When the legislature includes particular language in one section of a statute but omits it in another section of the same statute, courts presume that the legislature acted intentionally and purposely in the inclusion or exclusion [citations], and that the legislature intended different meanings and results [citations].' " *People v. Clark*, 2019 IL 122891, ¶ 23 (quoting *Chicago Teachers Union, Local No. 1 v. Board of Education of the City of Chicago*, 2012 IL 112566, ¶ 24).

¶ 26    Subsections (b) and (h), using the phrase "offenses for which he or she was incarcerated," relate to who may petition for a COI and the remedies if the petition is successful. See *Moore*, 2020 IL App (1st) 190435, ¶ 19 (subsection (b) explains who may petition for a COI and what a petitioner may request, and subsection (h) explains the duties of the court if it determines that a petitioner is entitled to a COI).

¶ 27    Subsections (d) and (g), using the phrase "offenses charged in the indictment or information," set forth the pleading and burden requirements for a petitioner to be successful. See *id.* (subsection (d) mandates the contents of a petition and subsection (g) contains the elements of a successful petition).

¶ 28    We find the language of the statute to be clear. To obtain a certificate of innocence, a petitioner must allege specific facts in the petition demonstrating that they are innocent of the "offenses charged in the *** information" (subsection (d)), and prove, by a preponderance of the evidence, that they were innocent of the "offenses charged in the *** information" (subsection (g)(3)). If the legislature had intended that a petitioner was required to allege and show only that they were innocent of the "offenses for which he or she was incarcerated," subsections (d) and (g)(3) would contain the same language as found in subsections (b) and (h). Instead, the legislature

chose the phrase "offenses charged in the *** information," demonstrating its clear intent that a petitioner must allege and prove that they are innocent of all of the offenses charged in the information.

¶ 29     This interpretation is consistent with our supreme court's interpretation of subsection (g)(3) in *Palmer*, 2021 IL 125621, ¶ 64. In that case, our supreme court recognized that "because the word 'offenses' is modified by the phrase 'charged in the indictment or information,' the legislature intended that a petitioner establish his or her innocence of the offense on the factual basis *charged* in the indictment or information." (Emphasis in original.) *Id.* Our interpretation is further consistent with the holdings in *Moore* and *Smith*, that the language in subsections (d) and (g)(3) requires sufficient pleading and proof to establish that petitioners are innocent of all of the charges in the indictment or information. See *Moore*, 2020 IL App (1st) 190435, ¶ 30 ("A petitioner who is 'innocent of the offenses charged in the indictment or information' [citation] is one who is innocent of *all* charges." (Emphasis in original.)); *People v. Smith*, 2021 IL App (1st) 200984, ¶ 21 (finding that petitioner who was found guilty at a trial of a charge, that was later vacated based on the one-act, one-crime doctrine, "clearly [could not] make a showing that he was 'innocent' of the *offenses* charged in the indictment" (emphasis in original)).

¶ 30     In *Moore*, the petitioner, after a bench trial, was convicted on four offenses including being an armed habitual criminal (AHC) and sentenced to imprisonment. *Moore*, 2020 IL App (1st) 190435, ¶ 6. One of the predicate felonies for the AHC count was a 2004 conviction for AUUW, which was rendered void pursuant to *Aguilar*, 2013 IL 112116. *Moore*, 2020 IL App (1st) 190435, ¶¶ 6, 8. Thereafter the petitioner's conviction for AHC was vacated. *Id.* ¶ 8. The petitioner sought a COI as to the AHC count only, not as to the additional counts for which he had been found guilty and sentenced. *Id.* ¶ 9. The circuit court granted a "partial" COI as to the vacated AHC conviction.

*Id.* On appeal, this court reversed and held that "[s]ection 2-702 does not permit the issuance of a COI unless the petitioner is deemed innocent of *all* charges in the indictment for which the petitioner was convicted." (Emphasis in original.) *Id.* ¶ 3.

¶ 31    Following *Moore*, this court, in *Smith*, under different facts, again answered the question whether a petitioner must establish their innocence as to all offenses in an indictment or information. After a bench trial, the petitioner in *Smith* was convicted on one charge of AHC and three charges of unlawful use of a weapon by a felon (UUWF). *Smith*, 2021 IL App (1st) 200984, ¶ 3. The circuit court merged the three counts of UUWF and sentenced defendant to imprisonment on one charge of AHC and one charge of UUWF. *Id.* On a direct appeal, this court vacated the UUWF charge based on the one-act, one-crime doctrine. *Id.* Later, the petitioner successfully petitioned the court to vacate his AHC conviction in that one of the predicate offenses for AUUW was found unconstitutional pursuant to *Aguilar*, 2013 IL 112116. *Smith*, 2021 IL App (1st) 1200984, ¶ 4. The petitioner filed a petition for a COI, which was granted by the circuit court. *Id.* ¶ 5. The State appealed. *Id.* This court stated that the plain language of section 2-702(g)(3) " 'speaks of offenses,' plural, and through the use of the conjunctive 'and,' is cumulative to the other three requirements" and that the petitioner could not show that "he was '*innocent*' of the offenses charged in the indictment," in that he was found guilty of one or more constitutionally valid charges. (Emphasis added and omitted.) *Id.* ¶ 21. The *Smith* court, in rejecting the notion that a petitioner need only show that they were innocent of the charge upon which they were incarcerated, noted that the phrase "offenses for which he or she was incarcerated" was in places relating to "the contents of a COI, not to the requirements for obtaining one, which are found exclusively in subsection (g)." (Emphases omitted.) *Id.* ¶ 22.

¶ 32    Our interpretation is also consistent with the purpose of section 2-702. The legislative history demonstrates that section 2-702 was intended to "benefit 'men and women that have been falsely incarcerated through no fault of their own.' " *People v. Dumas*, 2013 IL App (2d) 120561, ¶ 19 (quoting 95th Ill. Gen. Assem., House Proceedings, May 18, 2007, at 12 (statements of Representative Flowers)); see also *Moore*, 2020 IL App (1st) 190435, ¶ 37 ("[a] successful petitioner, armed with a COI, walks into the court of claims with conclusive evidence of his or her innocence, making it all but certain that the petitioner can obtain a money judgment against the State for wrongful incarceration"). By using the language it did, the legislature recognized that a COI and the advantages it provides toward obtaining a money judgment against the State should be granted only where a petitioner has demonstrated their innocence of all charges.

¶ 33    Petitioner, citing *People v. Daniels*, 2016 IL App (1st) 142130, *vacated*, No. 121208 (Ill. Mar. 29, 2017), *People v. DeBlieck*, 181 Ill. App. 3d 600 (1989), and *People v. Hughes*, 2012 IL 112817, argues that even if he is required to prove his innocence as to all of the offenses charged in the information, the nol-prossed charges did not constitute "offenses charged in the *** information," as the State failed to reinstate or refile the charges.

¶ 34    In response, the State argues that a *nolle prosequi* does not constitute an acquittal or indication of innocence but a decision not to prosecute and does not bar another prosecution for the same offenses. Further, the State argues that it nol-prossed the charges pursuant to a plea agreement and was "done solely for practical reasons and as a matter of convenience; it was not done because there was any doubt that petitioner's acts or omissions charged in the *** information constituted a felony or misdemeanor against the State."

¶ 35    The *Smith* court, in *dicta*, rejected a similar assertion made by the State, in answering questions during oral argument in that case, that to be eligible for a COI, a petitioner would have

to plead and prove their innocence on charges that were nol-prossed. *Smith*, 2021 IL App (1st) 200984, ¶ 25. The *Smith* court defined *nolle prosequi* as a formal notice given by the State that a claim has been abandoned. *Id.* (citing Black's Law Dictionary (11th ed. 2019)). The court cited *Hughes*, 2012 IL 112817, ¶¶ 24-25, as does petitioner here, and explained that "[a]bsent the refiling of the abandoned claim or a motion to vacate the *nolle prosequi* [citation], the State cannot pursue and thus has *no ability* to obtain a finding of guilt on an abandoned claim." (Emphasis in original.) *Smith*, 2021 IL App (1st) 200984, ¶ 25. The *Smith* court stated "[w]e certainly do not read the COI statute to suggest that a petitioner would have to demonstrate his innocence of nol-prossed charges." *Id.*

¶ 36 We respectfully decline to follow this reasoning here. There are two types of *dicta*. *Obiter dicta* are comments in a judicial opinion that are unnecessary to the disposition of the case and are not binding as authority or precedent. See *People v. Guillermo*, 2016 IL App (1st) 151799, ¶ 22 (citing *People v. Williams*, 204 Ill. 2d 191, 206 (2003)). Judicial *dictum* is "an expression of opinion upon a point in a case argued by counsel and deliberately passed upon by the court, though not essential to the disposition of the cause." *Cates v. Cates*, 156 Ill. 2d 76, 80 (1993). Judicial *dictum* is "entitled to much weight, and should be followed unless found to be erroneous." *Id.* In *Smith*, the court declined to "accept" the "suggestion" made by the State in responding to its questions during oral argument that a petitioner was required to establish their innocence even as to nol-prossed charges. The rejection of this suggestion that had not been affirmatively raised by the State and that had no bearing on the ultimate resolution of that case constitutes *obiter dicta* and is not binding. Even if the court's analysis was judicial *dictum*, we find reasons to depart from it in this case.

¶ 37    The *Smith* court's *dicta* turned on the observation that the State had no ability to obtain a finding of guilty on the nol-prossed charges. Section 2-702, however, does not contain any language or any indication that the petitioner's burden of pleading and proving innocence applies only to the charges in the indictment or information on which the State has an ability to obtain a finding of guilty. The *Smith dicta* is inconsistent with our holding that where a finding of guilty has been reversed outright on direct appeal and the State cannot seek a finding of guilty, to obtain a COI, a petitioner must still establish their innocence as to the offense as charged in the indictment or information by a preponderance of the evidence. *People v. Terrell*, 2022 IL App (1st) 192184; *Dumas*, 2013 IL App (2d) 120561, ¶ 18 (section 2-702 " 'distinguish[es] between a finding of not guilty at retrial and actual innocence of the charged offenses' "(quoting *Fields*, 2011 IL App (1st) 100169, ¶ 19)).

¶ 38    The *dicta* in *Smith* conflicts with the plain language of section 2-702 in one other way. Subsections (d) and (g)(3) do not state that a petitioner is relieved of their burden to plead and establish their innocence of any charges in an indictment or information that have been nol-prossed. As discussed, in interpreting a statute we may not "read[ ] into it exceptions, limitations, or conditions that the legislature did not express." *Woodard*, 175 Ill. 2d at 443. Further, in that a "petitioner's ability to obtain a [COI] is created solely by statute, we are not at liberty to engraft conditions not within the purview of the statute." *Terrell*, 2022 IL App (1st) 192184, ¶ 40.

¶ 39    The holding in *People v. Rodriguez*, 2021 IL App (1st) 200173, is supportive of a conclusion that to obtain a COI, petitioner was required to allege and prove that he is innocent of the charges in the information, including those charges that were nol-prossed pursuant to the negotiated plea agreement.

¶ 40    In *Rodriguez*, the petitioner was convicted of first degree murder and attempted murder, which were affirmed on direct appeal. *Id.* ¶¶ 29-30. Petitioner later filed a postconviction petition alleging that he was actually innocent and attaching affidavits with newly discovered evidence. *Id.* ¶ 31. Pursuant to an agreed order, the circuit court vacated the convictions and granted the State's motion to nol-pros the charges. *Id.* ¶ 32. Thereafter petitioner filed a petition for a COI under section 2-702, which was denied by the circuit court. *Id.* ¶¶ 34, 39. The petitioner appealed. *Id.* ¶¶ 40, 57. On appeal, this court affirmed the denial of the COI after finding that the petitioner failed to prove himself innocent of the offenses charged in the indictment, all of which were nol-prossed pursuant to the agreed order, as required by subsection (g)(3). *Id.* ¶ 56.

¶ 41    In the alternative, the petitioner argued that he was entitled to a COI pursuant to section 5-5-4(c) of the Unified Code of Corrections (730 ILCS 5-5-4(c) (West 2018)), because "his innocence was established in post-conviction proceedings." (Internal quotation marks omitted.) *Rodriguez*, 2021 IL App (1st) 200173, ¶ 57. This court explained that under section 5-5-4(c), "[i]f a conviction has been vacated as a result of a claim of actual innocence *** and the provisions of paragraphs (1) and (2) of subsection (g) of Section 2-702 of the [Code] *** are otherwise satisfied, the court shall enter an order for a [COI]." (Internal quotation marks omitted.) *Id.* This court held that the petitioner had forfeited this claim but found that, forfeiture aside, the petitioner was not entitled to a COI under this provision as the agreed order vacating petitioner's conviction was not based upon his evidence of actual innocence. *Id.* ¶ 59. This court further explained that the State's decision to nol-pros the charges was a litigation decision and not a concession of innocence. *Id.* (" 'A *nolle prosequi* is not an acquittal of the underlying conduct that served as the basis for the original charge ***.' " (quoting *Hughes*, 2012 IL 112817, ¶ 23)); *Fields*, 2011 IL App (1st) 100169, ¶ 19).

¶ 42    Here, similar to *Rodriguez*, the State nol-prossed the charges based on a litigation decision and not on a concession of innocence. Specifically, pursuant to the terms of the negotiated agreement, petitioner pleaded guilty to one count of AUUW and upon acceptance of petitioner's plea and sentencing on that one count, the State nol-prossed the remaining counts. See *People v. Whitfield*, 217 Ill. 2d 177, 190 (2005) (where a defendant enters a negotiated plea of guilty in exchange for specified benefits, "*both the State and the defendant* must be bound by the terms of the agreement" (emphasis in original)). Therefore, to obtain a COI, petitioner was required to show his innocence as to the offenses charged in the information including those that were nol-prossed pursuant to the negotiated plea agreement.

¶ 43    This conclusion avoids absurd results under the specific circumstances here. There was no explanation as to why the plea was taken on the one AUUW count that was later rendered void by *Aguilar*. If petitioner had pleaded guilty to any of the other constitutional charges for which there was apparent factual support, petitioner would not be entitled to a COI solely on the ground that the information included two AUUW charges which were later determined to be constitutionally invalid. Granting petitioner's request for COI without showing his innocence as to the valid offenses charged in the information that were based on the same set of facts to which he stipulated when he pleaded guilty would lead to an absurd result. See *Moore*, 2020 IL App (1st) 190435, ¶ 30 ("A petitioner who is 'innocent of the offenses charged in the indictment or information' [citation] is one who is innocent of *all* charges." (Emphasis in original.)).

¶ 44    Having found that petitioner was obligated to plead and prove his innocence as to all of the offenses charged in the information, including those offenses which were nol-prossed pursuant to the negotiated plea, we must determine whether petitioner has met this burden. Subsection (a) of section 2-702 provides the trier of fact with discretion to "give due consideration to difficulties of

proof caused by the passage of time, the death or unavailability of witnesses, the destruction of evidence or other factors not caused by such persons or those acting on their behalf." 735 ILCS 5/2-702(a) (West 2018). Here, however, petitioner provided allegations to support his innocence only as to the two AUUW counts based on the statutory provision found unconstitutional in *Aguilar*. He did not provide the circuit court with any pleading, evidence, or even argument as to his innocence as to the other six charges in the information.

¶ 45    Based on the foregoing, we find that petitioner has failed to satisfy his burden of pleading and proving that he was innocent of all the charges in his information as required under section 2-702 and the trial court did not err in denying petitioner's request for a COI.

¶ 46    We affirm the judgment of the circuit court denying petitioner's request for a COI.

¶ 47    Affirmed.

¶ 48    JUSTICE MARTIN, specially concurring:

¶ 49    I agree with my colleagues that the circuit court properly denied the petitioner's request for a certificate of innocence (COI) in this case. I write separately, however, to express my concerns that requiring a petitioner to prove themselves innocent of all offenses charged in the indictment or information, including charges nol-prossed by the State, may, in other instances, be unduly cumbersome upon the petitioner, contrary to the legislature's intent, and unjust.

¶ 50    Certain rules of statutory construction, including some cited in this order, could lead us to read the element that the petitioner prove they are innocent of "the offenses charged in the indictment or information" in a strict, absolute manner. 735 ILCS 5/2-702(g)(3) (West 2018); *supra* ¶¶ 14, 17, 26. Under that strict reading, a petitioner must prove their innocence of not only the offense or offenses for which they were wrongfully convicted, but every other offense the State included in the charging instrument, even those nol-prossed by the State, in all circumstances.

*Supra* ¶ 29. In some instances, that requirement is reasonable and consistent with the legislative intent to relieve wrongly convicted innocent persons of obstacles to obtain relief through a petition in the Court of Claims. 735 ILCS 5/2-702(a) (West 2018).

¶ 51    *People v. Rodriguez*, 2021 IL App (1st) 200173, discussed in this opinion (*supra* ¶¶ 39-42), is such an example where requiring the petitioner to prove his innocence of nol-prossed charges was consistent with legislative intent. But in *Rodriguez*, the nol-prossed charges were the same charges the petitioner was previously convicted of and for which he was incarcerated, not charges dismissed prior to his conviction. The *nolle prosequi* occurred after his conviction was vacated. Whether he was innocent and wrongly convicted necessarily related to the later nol-prossed charges.

¶ 52    This case is different. Here, the charges at issue were nol-prossed pursuant to a negotiated plea agreement. The petitioner was never found guilty or incarcerated based on those charges. However, this petitioner failed to establish his innocence within the meaning the legislature intended. The facts he stipulated to when he pled guilty establish unequivocally that he committed the other valid offenses that were nol-prossed. *Supra* ¶ 43. The same operative facts proved other charged offenses. Thus, it was reasonable and consistent with legislative intent for the trial court to include consideration of the nol-prossed charges in determining whether he was entitled to a COI under these circumstances.

¶ 53    But the same will not always be true of charges nol-prossed pursuant to a plea agreement or before a trial. We could easily conceive of circumstances that differ qualitatively from this case. A petitioner not proven guilty of nol-prossed charges through stipulated facts or evidence adduced at trial may face great difficulty in proving their innocence of those charges, especially if such charges were not closely connected to the offense of conviction. Requiring persons who were

wrongly imprisoned to prove themselves innocent of every offense charged could result in deserving petitioners having to litigate matters far removed from the reason they were incarcerated. And their task may be hindered by "the passage of time, the death or unavailability of witnesses, the destruction of evidence or other factors not caused by such persons or those acting on their behalf." 735 ILCS 5/2-702(a) (West 2018). The legislature expressly intended to reduce these burdens. *Id.*

¶ 54    Or there could be circumstances where a minor offense was included in a charging instrument along with a much more serious offense for which the petitioner was wrongly convicted and imprisoned. To give a stark example, consider a defendant charged with first degree murder who was found to possess unlawful drugs when arrested. If such a defendant were wrongly convicted and could prove himself innocent of the murder after languishing in prison for many years, he could not obtain a COI, under a strict, literal reading of subsection (g)(3), if the drug charge was included in the charging instrument. I believe that the legislature intended for such a defendant to be considered innocent of first degree murder and, thus, eligible to obtain a COI. He was wrongly imprisoned due to the murder for which he was innocent, not the drug offense. It would be unjust to deny a petition for COI due to a relatively minor offense or a nol-prossed count for which the petitioner cannot reasonably obtain evidence to prove his innocence. That outcome would also defeat the legislature's intent to afford such situated petitioners "due consideration" for the difficulties of proving their innocence. *Id.*

¶ 55    All other rules of statutory construction are subordinate to our primary objective to ascertain and give effect to the legislature's intent. *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 27. We must view a statute as a whole and construe words and phrases in light of other relevant provisions, not in isolation. *Id.* We should consider the reason for the law, the

problem sought to be remedied, the purpose to be achieved, and the consequences of construing the statute one way or another. *Id.* "When a plain or literal reading of a statute leads to absurd results or results that the legislature could not have intended, courts are not bound to that construction, and the literal reading should yield." *Id.*

¶ 56    In enacting the COI statute, our legislature found that innocent persons who were imprisoned after being wrongly convicted in Illinois faced undue obstacles in seeking legal redress. 735 ILCS 5/2-702(a) (West 2018). The legislature expressed that courts should exercise discretion, in the interest of justice, to afford such persons "due consideration" for the difficulties they face in proving their innocence. *Id.*

¶ 57    Further, we should be mindful of the realities of how our criminal justice system functions. Common experience reveals that the State often charges defendants with far more offenses than it will ultimately seek convictions for. Many plea agreements result in dropped charges and the State typically nol-prosses charges, often the majority, before trial. More significant, the State has tremendous power to pile on any conceivable charge. Requiring a petitioner to prove themselves innocent of all charged offenses, in every case, perpetuates the disparity between the State and the individual.

¶ 58    For these reasons, I believe the COI statute should be interpreted and applied in accordance with its purpose of reducing the obstacles that innocent, wrongly convicted persons face. Accordingly, due consideration in some cases may mean that a petitioner may not have to prove their innocence of nol-prossed counts when that requirement would lead to unjust results. The COI statute is concerned with those who were imprisoned while innocent. It should not be limited to the immaculate.

---

*People v. Warner*, 2022 IL App (1st) 210260

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 12-CR-23139(01); the Hon. Alfredo Maldonado Jr., Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Thomas Warner, of Menard, appellant *pro se*. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Douglas P. Harvath, and Paul E. Wojcicki, Assistant State's Attorneys, of counsel), for the People. |

---