2024 IL App (3d) 210330

Opinion filed April 18, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal Nos. 3-21-0330 & 3-21-0331 cons. |
| JEVON D. LESLEY, | ) ) | Circuit Nos. 12-CF-5 & 12-CF-627 |
| Defendant-Appellant. | ) ) ) | Honorable Carmen J. Goodman, Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court, with opinion.
Justices Hettel and Peterson concurred in the judgment and opinion.

**OPINION**

¶ 1     In this consolidated appeal, petitioner, Jevon D. Lesley, appeals from the circuit court's order denying his combined petition for a certificate of innocence (COI) pursuant to section 2-702 of the Code of Civil Procedure (Code) (735 ILCS 5/2-702 (West 2020)). For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3     We summarize the facts relevant to this appeal, turning first to the underlying criminal cases against petitioner and then discussing the COI proceedings.

¶ 4                         A. Criminal Proceedings

¶ 5         On January 19, 2012, in case No. 12-CF-5, petitioner was charged, along with a codefendant, in a three-count indictment. Counts I and II alleged that, on January 1, 2012, petitioner committed the offenses of aggravated unlawful use of a weapon (AUUW), Class 4 felonies, in that he knowingly carried on or about his person two uncased, loaded, and immediately accessible firearms not on his own land or in his own abode or fixed place of business in violation of section 24-1.6(a)(2), (a)(3)(A) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/24-1.6(a)(2), (a)(3)(A) (West 2012)). Count III of the indictment, for unlawful possession of a controlled substance, is irrelevant to our analysis as it was only against the codefendant.

¶ 6         On April 5, 2012 (while on bond in case No. 12-CF-5), petitioner was charged in a two-count indictment in case No. 12-CF-627. Count I alleged that, on March 17, 2012, petitioner committed the offense of unlawful possession of a firearm by a street gang member, a Class 2 felony, in that petitioner, a street gang member, knowingly carried on his person a firearm and firearm ammunition not inside his own abode or fixed place of business and had not been issued a currently valid firearm owner's identification card in violation of section 24-1.8(a)(1) of the Criminal Code (*id.* § 24-1.8(a)(1)). Count II alleged that, on March 17, 2012, petitioner committed the offense of AUUW, a Class 4 felony, in that petitioner knowingly carried on or about his person an uncased, loaded, and immediately accessible firearm not on his own land or in his own abode or fixed place of business in violation of section 24-1.6(a)(1), (a)(3)(A) of the Criminal Code (*id.* § 24-1.6(a)(1), (a)(3)(A)).

¶ 7         On August 9, 2012, petitioner pled guilty in a combined plea agreement for both cases pursuant to which he pled guilty to one count of AUUW in each case and the remaining charges were nol-prossed. Specifically, in case No. 12-CF-5, petitioner pled guilty to count I for AUUW;

2

in exchange, count II for AUUW was nol-prossed. In case No. 12-CF-627, petitioner pled guilty to count II for AUUW; in exchange, count I for unlawful possession of a firearm by a street gang member was nol-prossed. The circuit court sentenced petitioner to consecutive one-year sentences with credit for time served in custody.

¶ 8 Subsequently, in *People v. Aguilar*, 2013 IL 112116, and *People v. Mosley*, 2015 IL 115872, our supreme court held that the subsections of the AUUW statute pursuant to which petitioner was charged and pled guilty were unconstitutional. However, the constitutionality of the nol-prossed charge (in case No. 12-CF-627) of unlawful possession of a firearm by a street gang member was upheld in *People v. Villareal*, 2023 IL 127318.

¶ 9 On September 30, 2019, petitioner filed, as a self-represented litigant, a petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)), requesting that his AUUW convictions in both cases be vacated as unconstitutional and void *ab initio*. Following the October 11, 2019, hearing on the petition where the State agreed that the convictions should be vacated, the circuit court entered an order vacating the convictions as unconstitutional and void *ab initio*.

¶ 10                                      B. COI Proceedings

¶ 11 On March 19, 2021, petitioner filed, as a self-represented litigant, a combined petition for a COI in both cases pursuant to section 2-702 of the Code. Petitioner alleged that, in each case, he had been convicted of a felony, was sentenced to a term of imprisonment, and had served his sentence. He further alleged that the convictions had been vacated as unconstitutional and that he had not by his own conduct voluntarily caused or brought about the convictions. In support, petitioner attached the portions of the indictments that included the AUUW charges to which he

3

pled guilty, the judgment and sentencing order in each case, his section 2-1401 petition, and the docket entries reflecting the vacated convictions.

¶ 12        The State objected to the petition on two grounds. First, the State opposed the COI on the basis that petitioner failed to demonstrate his innocence of all charges in the indictment, including the nol-prossed charge for the constitutionally valid offense of unlawful possession of a firearm by a street gang member. Second, the State argued that petitioner's guilty pleas precluded his ability to establish that he did not voluntarily cause or bring about his conviction. According to the State, the pleas in both cases "were taken together so should be considered as a whole," and by pleading guilty in exchange for the benefit of dismissal of the higher-class felony, petitioner brought about his own conviction.

¶ 13        On July 28, 2021, following argument, the circuit court denied the petition for a COI. Noting that, by pleading guilty to one count, petitioner received the benefit of the dismissal of the other count, the court reasoned, "So you received a benefit. Now you want to go back because you received this particular benefit and basically sue the State. Because a certificate is not an avenue for the defendant who receives [a] benefit." The court concluded that, under the particular circumstances, petitioner failed to prove the allegations set forth in his petition by a preponderance of the evidence and thus denied petitioner's request for a COI.

¶ 14        Petitioner filed separate timely notices of appeal in both cases; we later granted petitioner's unopposed motion to consolidate the appeals. Thereafter, on April 6, 2022, we also granted petitioner's unopposed motion to stay the appeal pending the supreme court's review of *People v. Washington*, 2021 IL App (1st) 163024, *appeal allowed*, No. 127952 (Ill. Mar. 30, 2022). On July 18, 2023, the supreme court issued its decision in *Washington*, holding that a guilty plea does not categorically bar the ability to obtain a COI under section 2-702. *People v. Washington*, 2023 IL

4

127952. We subsequently granted petitioner's unopposed motion to vacate the stay, and briefing and oral argument ensued.

¶ 15                                    II. ANALYSIS

¶ 16        On appeal, petitioner argues that the circuit court erred in denying his petition because he established all requisite elements for issuance of a COI. See 735 ILCS 5/2-702 (West 2020). The State disputes that petitioner satisfied subsections (g)(3) and (g)(4) of the statute, requiring, respectively, that "the petitioner is innocent of the offenses charged in the indictment or information" (*id.* § 2-702(g)(3)), and that "the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction" (*id.* § 2-702(g)(4)). For the reasons set forth below, we hold that petitioner met his burden under the COI statute in case No. 12-CF-5 but failed to meet his burden in case No. 12-CF-627. Accordingly, we affirm in part, vacate in part, and remand for issuance of a COI in case No. 12-CF-5.

¶ 17        Initially, we note the split in authority regarding the appropriate standard—abuse of discretion or manifest weight of the evidence—to be applied in reviewing a ruling on a petition for a COI. See *Washington*, 2023 IL 127952, ¶ 47 (collecting cases). Where the issue involves a question of statutory interpretation, however, *de novo* review is appropriate. See *People v. McClinton*, 2018 IL App (3d) 160648, ¶ 13; accord *People v. Hilton*, 2023 IL App (1st) 220843, ¶ 15 (collecting cases and noting that, "while the review of the denial of a COI generally proceeds under an abuse of discretion standard, the issue here involves the interpretation of statutory section 2-702 of the Code, and, thus, our review is *de novo*"). Here, the parties' arguments require us to interpret the COI statute. Therefore, we apply the *de novo* standard of review. See *People v. Brown*, 2022 IL App (4th) 220171, ¶ 11. To the extent our resolution of whether petitioner satisfied subsection (g)(4) extends beyond statutory interpretation, we note that the result would be the same

5

under any standard of review. We review the circuit court's judgment, not its reasoning, and we may affirm the judgment on any basis in the record. *Id.* ¶ 9.

¶ 18   Our primary goal in interpreting a statute is to ascertain and give effect to the legislature's intent, which is best indicated by the plain and ordinary meaning of the statutory language. *People v. Palmer*, 2021 IL 125621, ¶ 53. We must consider the statute as a whole and cannot depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express. *Hilton*, 2023 IL App (1st) 220843, ¶ 16. We may consider "the purpose of the statute, the problems to be remedied, and the consequences of interpreting the statute one way or another." *Palmer*, 2021 IL 125621, ¶ 53. We presume that the legislature did not intend absurd, inconvenient, or unjust results. *Id.*

¶ 19   With these principles in mind, we turn to the parties' arguments.

¶ 20                              A. Subsection (g)(3)

¶ 21   With respect to whether petitioner met his burden under subsection (g)(3), the central issue is whether petitioner was required to establish his innocence of the nol-prossed charges in addition to his innocence of the offenses for which he was incarcerated. According to petitioner, he was only required to show his innocence of the offenses for which he was incarcerated (the unconstitutional AUUW offenses), not the charges nol-prossed pursuant to the plea agreement (the unconstitutional AUUW charge *and* the valid unlawful possession of a firearm by a street gang member charge).

¶ 22   The State counters that the plain language of subsection (g)(3) required petitioner to prove his innocence of *all* offenses charged in the indictment. And, according to the State, because this was a combined plea agreement, failure to show innocence of the valid, nol-prossed charge for unlawful possession of a firearm by a street gang member in case No. 12-CF-627 precluded a COI

6

in both cases. Petitioner maintains that the State forfeited the latter portion of the argument by failing to raise it in the circuit court. However, the record belies this contention. In objecting to the COI petition and arguing that petitioner was required to demonstrate his innocence of the nol-prossed charges, the State argued that "these pleas were taken together so should be considered as a whole." We thus address the merits of the argument.

¶ 23     To place the parties' positions in context, we outline the relevant portions of the COI statute. The title of the COI statute is "Petition for a certificate of innocence that the petitioner was *innocent of all offenses for which he or she was incarcerated*" (emphasis added) (735 ILCS 5/2-702 (West 2020)), and its purpose—to provide the wrongly incarcerated with an avenue to obtain relief in the Court of Claims—is detailed as follows:

>    "The General Assembly finds and declares that innocent persons who have been wrongly convicted of crimes in Illinois and subsequently imprisoned have been frustrated in seeking legal redress due to a variety of substantive and technical obstacles in the law and that such persons should have an available avenue to obtain a finding of innocence so that they may obtain relief through a petition in the Court of Claims. The General Assembly further finds misleading the current legal nomenclature which compels an innocent person to seek a pardon for being wrongfully incarcerated. It is the intent of the General Assembly that the court, in exercising its discretion as permitted by law regarding the weight and admissibility of evidence submitted pursuant to this Section, shall, in the interest of justice, give due consideration to difficulties of proof caused by the passage of time, the death or unavailability of witnesses, the destruction of evidence or other factors not caused by such persons or those acting on their behalf." *Id.* § 2-702(a).

¶ 24     The statute identifies who may petition for a COI:

"Any person convicted and subsequently imprisoned for one or more felonies by the State of Illinois which he or she did not commit may, under the conditions hereinafter provided, file a petition for certificate of innocence in the circuit court of the county in which the person was convicted. The petition shall request a certificate of innocence finding that the petitioner was *innocent of all offenses for which he or she was incarcerated*." (Emphasis added.) *Id.* § 2-702(b).

¶ 25        The supporting material that must be attached to the COI petition includes documentation demonstrating that the petitioner's

"judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either he or she was found not guilty at the new trial or he or she was not retried and the indictment or information dismissed; or the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois." *Id.* § 2-702(c)(2).

In addition, the petition

"shall state facts in sufficient detail to permit the court to find that the petitioner is likely to succeed at trial in proving that the petitioner is *innocent of the offenses charged in the indictment or information* or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State of Illinois, and the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." (Emphasis added.) *Id.* § 2-702(d).

In any hearing on a request for a COI, "the court may take judicial notice of prior sworn testimony or evidence admitted in the criminal proceedings related to the convictions which resulted in the

alleged wrongful incarceration, if the petitioner was either represented by counsel at such prior proceedings or the right to counsel was knowingly waived." *Id.* § 2-702(f).

¶ 26 Subsection (g) sets forth four elements that a petitioner must prove by a preponderance of the evidence to obtain a COI:

"(1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;

(2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; or (B) the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;

(3) the petitioner is *innocent of the offenses charged in the indictment or information* or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State;[1] and

(4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." (Emphasis added.) *Id.* § 2-702(g).

¶ 27 If the court finds that a petitioner is entitled to judgment, the court "shall enter a certificate of innocence finding that the petitioner was *innocent of all offenses for which he or she was incarcerated.*" (Emphasis added.) *Id.* § 2-702(h). Finally, subsection (i) states that the petition

---

[1]Petitioner does not rely upon the second part of subsection (g)(3)—that the "acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State." 735 ILCS 5/2-702(g)(3) (West 2020). Thus, we frame our discussion around the first part of subsection (g)(3)— that the petitioner is "innocent of the offenses charged in the indictment or information." *Id.*

9

must be filed within two years after "the *dismissal of an indictment or information* or acquittal." (Emphasis added.) *Id.* § 2-702(i).

¶ 28 Relying on the title of the statute and the subsections that reference "all offenses for which [the petitioner] was incarcerated," petitioner argues that he was not required to demonstrate his innocence of the nol-prossed charges. In response, relying on the statutory subsections that reference "the offenses charged in the indictment," the State argues that the legislature intended that a petitioner must establish his innocence of all charged offenses, even charges nol-prossed pursuant to a plea agreement. In reviewing the plain language of section 2-702 and applying principles of statutory construction, we agree with the State, as have other courts squarely presented with the issue. See *Brown*, 2022 IL App (4th) 220171, ¶ 29; *People v. Warner*, 2022 IL App (1st) 210260, ¶ 42.

¶ 29 By including certain language in one section of a statute but omitting the language in another section of the same statute, the legislature is presumed to have acted purposely and intended different meanings and results. *Warner*, 2022 IL App (1st) 210260, ¶ 25. While the statutory title and subsections (b) and (h) use the phrase "offenses for which [the petitioner] was incarcerated," the title of a statutory section is not controlling (see *Brown*, 2022 IL App (4th) 220171, ¶ 15), and subsections (b) and (h) relate to who may petition for a COI and the remedies in the event a COI is awarded (see *Warner*, 2022 IL App (1st) 210260, ¶ 26). In contrast, subsections (d) and (g), using the phrase "offenses charged in the indictment," set forth the specific pleading and burden requirements that must be met to obtain a COI. *Id.* ¶ 27; *Brown*, 2022 IL App (4th) 220171, ¶ 24. Namely, a petitioner must plead specific facts in the petition demonstrating innocence of the "offenses charged in the indictment" (735 ILCS 5/2-702(d) (West 2020)), and

10

meet the burden of proving, by a preponderance of the evidence, innocence of the "offenses charged in the indictment" (*id.* § 2-702(g)(3)). *Warner*, 2022 IL App (1st) 210260, ¶ 28.

¶ 30 In discerning the legislative intent underlying this distinct language, the court in *Warner* explained, "If the legislature had intended that a petitioner was required to allege and show only that they were innocent of the 'offenses for which he or she was incarcerated,' subsections (d) and (g)(3) would contain the same language as found in subsections (b) and (h)." *Id.* Instead, the legislature included the phrase "offenses charged in the indictment," reflecting its intent that a petitioner must allege and prove innocence of all offenses charged in the indictment. *Id.* The court in *Brown* agreed.

> "The plain meaning of that language [in subsections (d) and (g)(3)] is that petitioners must demonstrate their innocence of all charged offenses, not just the ones for which they were convicted and incarcerated. Although other subsections of the statute use different language, such subsections do not specify the pleading and burden requirements for obtaining a certificate of innocence." *Brown*, 2022 IL App (4th) 220171, ¶ 24.

Noting that this interpretation is consistent with the legislative intent—to provide the wrongly incarcerated with an avenue to obtain relief in the Court of Claims—and avoids absurd results, the court in *Brown* further observed that "[w]e doubt the legislature envisioned compensating people who could have been lawfully imprisoned for more serious offenses but who happened to plead guilty to a lesser offense that was later recognized to be void *ab initio.*" *Id.* ¶ 25.

¶ 31 Accordingly, in both *Brown* and *Warner*, where the petitioners pled guilty to later vacated AUUW offenses in exchange for the dismissal of other charges, the courts held that the petitioners were not entitled to a COI given their failure to prove their innocence of valid dismissed charges. See *Brown*, 2022 IL App (4th) 220171, ¶¶ 3-6, 29; *Warner*, 2022 IL App (1st) 210260, ¶¶ 2-6, 28;

11

see also *Hilton*, 2023 IL App (1st) 220843, ¶¶ 45-46 (reaffirming the foregoing principles after an extensive review of the relevant jurisprudence and holding that the petitioner was required to prove his innocence of all charges in the indictment, including two constitutionally valid charges of AUUW that the State nol-prossed after his AUUW conviction was vacated pursuant to *Aguilar*).

¶ 32        Moreover, as noted in *Warner*, the holding that a petitioner must establish innocence of all charged offenses is consistent with our supreme court's decision in *Palmer* and with prior appellate decisions interpreting subsection (g)(3) in different procedural contexts. *Warner*, 2022 IL App (1st) 210260, ¶ 29 (citing *Palmer*, 2021 IL 125621; *People v. Smith*, 2021 IL App (1st) 200984; *People v. Moore*, 2020 IL App (1st) 190435). In *Palmer*, the petitioner sought a COI after his first degree murder conviction was vacated based upon newly discovered forensic evidence. *Palmer*, 2021 IL 125621, ¶¶ 34, 37. The supreme court rejected the State's argument that the petitioner was required to prove himself innocent of being an accomplice to the murder—a theory that was never charged. *Id.* ¶ 68. Considering the plain language of the statute, the court reasoned that, because the word "offenses" in subsection (g)(3) is modified by the phrase "charged in the indictment or information" (735 ILCS 5/2-702(g)(3)(West 2018)), the legislature intended that "a petitioner establish his or her innocence of the offense on the factual basis *charged* in the indictment or information." (Emphasis in original.) *Id.* ¶ 64.

¶ 33        Both *Smith* and *Moore* likewise relied upon the plain language of the COI statute in holding that subsection (g)(3) requires a petitioner to show innocence of the offenses charged in the indictment. In *Smith*, the petitioner's merged unlawful use of a weapon by a felon (UUWF) conviction was vacated on appeal under the one-act, one-crime doctrine, where the UUWF conviction and the petitioner's armed habitual criminal (AHC) conviction stemmed from the same physical act of unlawfully possessing the same firearm. *Smith*, 2021 IL App (1st) 200984, ¶ 3.

12

Subsequently, however, the AHC conviction was also vacated after one of the felonies predicating the AHC conviction (an AUUW conviction) was deemed unconstitutional pursuant to *Aguilar*. *Id.* ¶ 4. The appellate court, with one justice dissenting, reversed the COI award on grounds that the petitioner had been found guilty of the constitutionally valid UUWF charges, in addition to the vacated AHC conviction, and therefore failed to show that he was innocent of the offenses charged in the indictment, as required by subsection (g)(3). *Id.* ¶¶ 21-23. In doing so, the court rejected the petitioner's reliance upon subsections (b) and (h) for the proposition that a petitioner must only show innocence of the offenses for which a petitioner was incarcerated. *Id.* ¶¶ 22-23. While recognizing that the petitioner served more time than he would have had he been sentenced only on the valid charges, the court noted its inability to rewrite the statute to warrant an award of a COI. *Id.* ¶ 29.

¶ 34        Similar reasoning was employed in *Moore*, where the court held that the plain language of section 2-702 does not authorize a COI when the petitioner was properly incarcerated for one conviction though improperly incarcerated for another conviction. *Moore*, 2020 IL App (1st) 190435, ¶ 35. Following trial in *Moore*, the petitioner was convicted of four offenses, including AHC; however, the AHC conviction was later vacated after one of the predicate felonies (an AUUW conviction) was deemed unconstitutional pursuant to *Aguilar*. *Id.* ¶ 1. In reversing the award of a COI for the AHC conviction, the court held that the plain language of section 2-702 "does not permit the issuance of a COI unless the petitioner is deemed innocent of *all* charges in the indictment for which the petitioner was convicted." (Emphasis in original.) *Id.* ¶ 3. The court recognized that the petitioner spent more time in prison than he should have given the lengthier sentence for AHC but noted that, while the petitioner may have remedies beyond section 2-702,

13

the plain language of the statute precluded a COI, and the court could not "drastically rewrite the language to find a result we prefer." *Id.* ¶¶ 41-42.

¶ 35         Notwithstanding the body of case law discussed above, petitioner urges that we instead be guided by *dicta* set forth by the court in *Smith* and this court's decision in *McClinton*. Regarding *Smith*, following the holding discussed above—that the guilty finding at the criminal trial as to certain charges precluded the petitioner's ability to demonstrate his innocence of the offenses charged in the indictment as required by subsection (g)(3)—the court proceeded to reject "the State's suggestion, when questioned by the panel, that to be eligible for a COI, a petitioner might have the burden of affirmatively demonstrating his innocence even on charges that were nol-prossed by the State." *Smith*, 2021 IL App (1st) 200984, ¶ 25. Petitioner relies upon this language in *Smith* to the exclusion of the court's holding.

¶ 36         Indeed, this *obiter dicta* in *Smith* has been expressly disavowed on several grounds. See *Warner*, 2022 IL App (1st) 210260, ¶¶ 36-38; accord *Hilton*, 2023 IL App (1st) 220843, ¶¶ 36-44. First, section 2-702 "does not contain any language or any indication that the petitioner's burden of pleading and proving innocence applies only to the charges in the indictment or information on which the State has an ability to obtain a finding of guilty." *Warner*, 2022 IL App (1st) 210260, ¶ 37. Second, the *Smith dicta* conflicts with prior holdings that, where a guilty finding had been reversed on direct appeal for insufficiency of the evidence, the COI petitioner was still required to establish innocence as to the charged offense. *Id.* (citing *People v. Terrell*, 2022 IL App (1st) 192184, ¶ 40; *People v. Dumas*, 2013 IL App (2d) 120561, ¶ 18). And third, since subsections (d) and (g)(3) do not state that a petitioner is relieved of the burden to plead and establish innocence of any nol-prossed charges, to hold otherwise would be akin to improperly reading into the statute an unexpressed limitation. *Id.* ¶ 38. We agree, as the plain language of the COI statute is that

14

petitioners must demonstrate their innocence of the charged offenses; there is no exception in the statute for nol-prossed charges. Accordingly, we too disagree with the *dicta* in *Smith*.

¶ 37 With respect to this court's decision in *McClinton*, petitioner's reliance on the case is misplaced. In *McClinton*, the petitioner was found guilty of AUUW following trial, but her conviction was subsequently vacated pursuant to *Aguilar*. *McClinton*, 2018 IL App (3d) 160648, ¶¶ 5-6. Although the petitioner was charged with other offenses (bringing a firearm into a penal institution and bringing cannabis into a penal institution), the State nol-prossed these charges. *Id.* ¶ 6. The trial court denied the petition for a COI on the basis that a declaration as to the statute's unconstitutionality did not mean that the petitioner was innocent. *Id.* ¶ 7.

¶ 38 The appellate court reversed, rejecting the State's argument that the petitioner failed to prove that she did not voluntarily cause or bring about her conviction. *Id.* ¶¶ 18-19. The court held that the petitioner met the requirements of the COI statute, including that "her acts charged in the indictment of which she was convicted and for which she was incarcerated did not constitute a felony or misdemeanor against the state because the charge was based on a statute later held unconstitutional," and that the petitioner did not "intentionally cause or bring about her conviction" because the statute that criminalized her actions was void *ab initio*. *Id.* ¶¶ 20-22. The court did not consider the nol-prossed charges in the analysis and noted, in its discussion of section 2-702, that subsection (b) "states the limits of which offenses we consider in evaluating whether McClinton is entitled to a certificate of innocence" and thus, "[t]he only crime at issue in the instant case is the unconstitutional AUUW conviction." *Id.* ¶ 15.

¶ 39 *McClinton* is not determinative here, as the disputed issue as framed in *McClinton* only involved subsection (g)(4)—whether the petitioner voluntarily caused or brought about her conviction, not subsection (g)(3). Nothing in *McClinton* purported to resolve whether a petitioner

must prove innocence of charges that were nol-prossed as part of a plea agreement. See *Brown*, 2022 IL App (4th) 220171, ¶ 26 ("[T]he disputed issue on appeal in *McClinton* concerned statutory element four: whether McClinton brought about her own conviction. [Citation.] That issue is distinct from our analysis of element three. Thus, we do not find *McClinton* instructive as to whether defendants here must prove their innocence of charges that were nol-prossed as part of their plea agreements."); accord *Hilton*, 2023 IL App (1st) 220843, ¶ 45 (*McClinton* was "completely distinguishable" because it focused on subsection (g)(4), not subsection (g)(3)).

¶ 40    Finally, petitioner argues that it would be inconsistent with basic tort law to require a petitioner to establish innocence of dismissed charges for which he was not incarcerated and for which he does not seek relief. However, as the State observes, a valid dismissed charge is relevant to the issue of whether the petitioner was injured. Regardless, as indicated earlier, we simply are not free to read an exception for dismissed charges into the statutory requirement that a petitioner must demonstrate his innocence of the offenses charged in the indictment. See *Terrell*, 2022 IL App (1st) 192184, ¶ 40 (COI statutory scheme did not permit court to engraft a petitioner's "presumption of innocence" in determining whether statutory prerequisites satisfied).

¶ 41    Accordingly, the plain language of section 2-702 requires a petitioner to demonstrate his innocence of the offenses charged in the indictment, including charges nol-prossed pursuant to a plea agreement, and not just the offenses for which the petitioner was incarcerated. Thus, in case No. 12-CF-5, where both charged offenses against petitioner were for violations of a portion of the AUUW statute later held unconstitutional, petitioner met his burden of demonstrating innocence of the offenses charged in the indictment (and that the acts charged did not constitute a felony or misdemeanor against the State (see *McClinton*, 2018 IL App (3d) 160648, ¶ 21)), as required by subsection (g)(3). However, in case No. 12-CF-627, while one of the charged offenses

16

was for violation of a portion of the AUUW statute later held unconstitutional, the other charged offense was for unlawful possession of a firearm by a street gang member—the constitutionality of which was later upheld. Petitioner never attempted to meet his burden of demonstrating innocence of this valid nol-prossed charge. Where petitioner did not allege anything with respect to his innocence of this charge, petitioner did not meet his burden under subsection (g)(3) in case No. 12-CF-627. See *Brown*, 2022 IL App (4th) 220171, ¶ 29 ("Because defendants made no attempt to demonstrate their innocence of all charged offenses, the trial court properly denied their petitions for [COI]."); *Warner*, 2022 IL App (1st) 210260, ¶ 44 ("[P]etitioner provided allegations to support his innocence only as to the two [unconstitutional] AUUW counts \*\*\*. He did not provide the circuit court with any pleading, evidence, or even argument as to his innocence as to the other six charges in the information.").

¶ 42    Contrary to the State's position, however, failure to show innocence of the valid, nol-prossed charge for unlawful possession of a firearm by a street gang member in case No. 12-CF-627 did not preclude a COI in case No. 12-CF-5. The State maintains that the plea agreement was a "package agreement" whereby petitioner's combined plea to the two void offenses secured a lower total sentence than the mandatory minimum for the valid charge of unlawful possession of a firearm by a street gang member. As such, the State contends that "offenses charged in the indictment" as used in subsections (d) and (g)(3) necessarily refers to the offenses charged in both cases. However, the State's argument finds no support in the plain language of section 2-702.

¶ 43    As petitioner observes, subsection (g)(3) refers to "the indictment," not *any* indictment. Since "the" is a restrictive term (see *Sibenaller v. Milschewski*, 379 Ill. App. 3d 717, 722 (2008)), its use in subsection (g)(3) reflects that the only indictment to be considered is the indictment that charged the now-vacated conviction. Moreover, a combined plea agreement does not, and cannot,

17

have the effect of creating a combined indictment for separate offenses. See 725 ILCS 5/111-4(a) (West 2022) ("Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or on 2 or more acts which are part of the same comprehensive transaction.").

¶ 44    We further observe that requiring a petitioner to demonstrate his innocence of nol-prossed charges stemming from separate indictments resolved in a combined plea agreement would lead to scenarios that the legislature could not have intended. Indeed, nothing in section 2-702 supports expanding the innocence proof to combined pleas that might take place before different judges, in separate courtrooms, on different days, or even in different counties. We thus decline to read the statute in the manner suggested by the State.

¶ 45    In sum, petitioner failed to meet his burden under subsection (g)(3) of demonstrating innocence of the nol-prossed offense charged in the indictment in case No. 12-CF-627 (unlawful possession of a firearm by a street gang member) and therefore was not entitled to a COI in that case. However, petitioner met this burden in case No. 12-CF-5. Accordingly, with respect to whether petitioner was entitled to a COI in that case No. 12-CF-5, we must turn to the second issue on appeal—whether petitioner met his burden under subsection (g)(4) of the COI statute.

¶ 46                                B. Subsection (g)(4)

¶ 47    Petitioner also was required to establish that he did not voluntarily cause or bring about his conviction under subsection (g)(4). Petitioner argues that, given our supreme court's holding in *Washington*, the circuit court's decision should be reversed outright since it relied upon the fact that petitioner pled guilty in denying the COI. The State responds that the particular circumstances of this case—where petitioner pled guilty to the AUUW Class 2 felonies in exchange for the

18

dismissal of another AUUW charge and the valid Class 2 felony of unlawful possession of a firearm by a street gang member—which carried a higher sentence—demonstrate that petitioner voluntarily caused or brought about his conviction. We disagree.

¶ 48        Initially, we have already rejected the State's argument that we must consider both cases in determining whether petitioner satisfied subsection (g)(3). The only case at issue for purposes of determining whether petitioner satisfied subsection (g)(4) is case No. 12-CF-5, where both charges against petitioner were unconstitutional AUUW offenses. Moreover, the State's argument is not persuasive under the rationale set forth in *Washington* and this court's decision in *McClinton*.

¶ 49        In *Washington*, our supreme court held that a guilty plea does not categorically preclude a COI. *Washington*, 2023 IL 127952, ¶ 62. Rather, voluntariness, for purposes of establishing the statutory requirement that a petitioner did not by his own conduct voluntarily cause or bring about his conviction, is "to be determined on a case-by-case basis considering the totality of the circumstances." *Id.* In *Washington*, the unrebutted evidence established that detectives coerced the petitioner's confession through abusive conduct. *Id.* ¶ 57. After the petitioner's codefendant was sentenced to 75 years' imprisonment, the petitioner chose to accept a plea offer with a 25-year sentence to have a life to salvage after his release. *Id.* ¶ 59. Under those facts, the court held that the petitioner could not be found to have voluntarily caused or brought about his conviction. *Id.* ¶¶ 60-62.

¶ 50        While the alleged facts in the case *sub judice* are entirely distinct from *Washington*, the circumstances here lead to the same holding. That is, petitioner was convicted under a statute later held unconstitutional. His conduct in pleading guilty to charges based on an unconstitutional statute cannot be said to have voluntarily caused or brought about this conviction. Indeed, in *McClinton*, this court considered similar circumstances in rejecting the argument that the petitioner

19

voluntarily caused or brought about her conviction under the unconstitutional AUUW statute. See *McClinton*, 2018 IL App (3d) 160648, ¶¶ 20-22.

> "When a statute is held to be facially unconstitutional, as is the situation in this case, the statute is said to be void *ab initio* or void from the beginning. [Citation.] If the AUUW statute is void from the beginning, McClinton's conduct *** would not have voluntarily brought about a conviction under a statute that was 'constitutionally infirm from the moment of its enactment.' " *Id.* ¶ 20 (quoting *People v. Blair*, 2013 IL 114122, ¶ 30).

See also *Washington*, 2023 IL 127952, ¶ 44 (citing this portion of *McClinton* as support for the legislative intent to broadly construe the COI statute for petitioners who did not voluntarily cause or bring about their convictions so as to provide an available avenue to obtain a finding of innocence). The fact that petitioner pled guilty to the offense later held unconstitutional, rather than being found guilty at trial as in *McClinton*, does not change the analysis. The point is that, in either case, the statute that criminalized the conduct was void and so the conduct was not criminal at the time. See *McClinton*, 2018 IL App (3d) 160648, ¶ 21. Accordingly, here, petitioner cannot be held to have caused or brought about his conviction by pleading guilty to an unconstitutional offense.

¶ 51        The State maintains that the rationale in *McClinton* does not apply here because the facts to which petitioner stipulated when he pled guilty demonstrate that he could have been convicted of different, valid AUUW offenses. The argument amounts to speculation about offenses that were never charged. Uncharged theories of culpability were at the heart of the argument rejected by our supreme court in *Palmer*, where it was held that the petitioner was not required to prove himself innocent of the uncharged accomplice theory. *Palmer*, 2021 IL 125621, ¶ 68. Here, petitioner was charged and pled guilty to a portion of the AUUW statute later held unconstitutional. Under these

20

circumstances, he cannot be said to have voluntarily caused or brought about his conviction. See *McClinton*, 2018 IL App (3d) 160648, ¶¶ 20-22. Accordingly, petitioner met his burden under subsection (g)(4) in case No. 12-CF-5 and is entitled to a COI in that case.

¶ 52                                  III. CONCLUSION

¶ 53       In sum, we hold that petitioner met his burden under the COI statute in case No. 12-CF-5 but failed to meet his burden in case No. 12-CF-627. Thus, the circuit court erred in denying the COI petition in case No. 12-CF-5 but did not err in denying the petition in case No. 12-CF-627. Accordingly, the judgment of the circuit court of Will County is affirmed in part and vacated in part, and the cause is remanded for issuance of a COI in case No. 12-CF-5.

¶ 54       Affirmed in part, vacated in part, and remanded.

*People v. Lesley*, 2024 IL App (3d) 210330

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, Nos. 12-CF-5, 12-CF-627; the Hon. Carmen J. Goodman, Judge, presiding. |
| **Attorneys for Appellant:** | Joel A. Flaxman and Kenneth N. Flaxman, of Law Offices of Kenneth N. Flaxman, PC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino, Thomas D. Arado, and Laura Bialon, of State's Attorneys Appellate Prosecutor's Office, of Ottawa, for the People. |