**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 210343

Order filed May 14, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Respondent-Appellee, | ) | |
| | ) | Appeal No. 3-21-0343 |
| v. | ) | Circuit No. 03-CF-498 |
| | ) | |
| LIONELL H. PRUITT, | ) | The Honorable |
| | ) | Katherine S. Gorman, |
| Petitioner-Appellant. | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court.
Presiding Justice McDade and Justice Peterson concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Petitioner proved his entitlement to a certificate of innocence where he pled guilty to the sole count in an indictment charging him with violating an unconstitutional provision of the aggravated unlawful use of a weapon statute and, at the same time, pled guilty to another crime contained in a different indictment.

¶ 2     In 2003, petitioner Lionell H. Pruitt entered into a combined plea agreement, pleading guilty to two charges contained in two separate indictments: aggravated unlawful use of a weapon (AUUW) and possession of a controlled substance. After petitioner served his concurrent sentence on those charges, he filed a petition for relief from judgment. The trial court granted the petition

and vacated petitioner's AUUW conviction. Petitioner then filed a petition for a certificate of innocence (COI), which the Peoria County circuit court denied. Petitioner appeals the denial of his petition for a COI. We vacate the circuit court's decision and remand for issuance of a COI.

¶ 3                                    I. BACKGROUND

¶ 4        On March 27, 2003, the State charged petitioner with unlawful possession of a controlled substance (720 ILCS 570/402 (West 2002)) in Peoria County case No. 03-CF-410. Two months later, the State charged petitioner by indictment with AUUW (720 ILCS 5/24-1.6(a)(1) (West 2002))[1] in Peoria County case No. 03-CF-498. The indictment alleged that petitioner "while located in the vicinity of the 300 block of W. Richmond Street in Peoria, Illinois knowingly carried concealed upon his person at a time when he was not on his own land, in his own abode, or fixed place of business, an uncased, loaded firearm that was immediately accessible to him."

¶ 5        On July 21, 2003, petitioner pled guilty in a combined plea agreement to the charges in both cases. On the controlled substance charge, the trial court sentenced petitioner to 60 days in county jail with credit for 7 days served. On the AUUW charge, the court sentenced petitioner to 180 days in county jail with credit for 67 days served. The trial court ordered petitioner's sentences to run concurrently. The court also ordered petitioner to serve 30 months of probation on each case concurrently after he completed his jail sentence.

¶ 6        In 2013, in *People v. Aguilar*, 2013 IL 112116, ¶ 22, our supreme court ruled that the Class 4 form of AUUW, which petitioner was charged with, "violates the right to keep and bear arms, as guaranteed by the second amendment to the United States Constitution." Thus, "the statute is

---

[1] While the indictment cited subsection (a)(1) of the AUUW statute (720 ILCS 5/24-1.6(a)(1) (West 2002)), the language of the indictment described the Class 4 form of AUUW, as set forth in subsection (a)(1), (a)(3)(A), (d) of the AUUW statute (*id.* § 24-1.6(a)(1), (a)(3)(A), (d)).

said to be void *ab initio* or void from the beginning." *People v. McClinton*, 2018 IL App (3d) 160648, ¶ 20.

¶ 7 In January 2021, petitioner, as a self-represented litigant, filed a petition for relief from judgment. He argued that his AUUW conviction should be vacated as a void judgment because the portion of the statute he was convicted of violating was held unconstitutional in *Aguilar*. The State filed a response conceding that petitioner's conviction for AUUW "is now void under *Aguilar*." On February 17, 2021, the trial court entered an order granting petitioner's petition for relief from judgment, vacating his conviction for AUUW and deeming it void *ab initio*.

¶ 8 In March 2021, petitioner, as a self-represented litigant, filed a petition seeking a COI in Peoria County case No. 03-CF-498. He asserted that, in light of the supreme court's decision in *Aguilar*, his conviction and sentence for AUUW were unconstitutional and void *ab initio*, causing him to be wrongfully incarcerated for that offense. The State filed a response, arguing that the petition should be denied because (1) it was not timely filed, and (2) petitioner has subsequently been convicted of additional crimes, including murder. The State later filed a response arguing petitioner was not entitled to a COI because he pled guilty, relying on *People v. Washington*, 2020 IL App (1st) 163024 (*rev'd*, 2023 IL 127952).

¶ 9 The trial court held a hearing on the petition for a COI on July 9, 2021. At that hearing, the State argued that petitioner was not entitled to a COI because (1) his petition was not timely filed, and (2) he brought about his conviction by pleading guilty. After the hearing, the trial court entered a written order denying petitioner's petition for a COI, finding the State's arguments in response to the petition to be "well taken."

¶ 10 II. ANALYSIS

¶ 11 On appeal, petitioner argues that the trial court erred in denying his petition for a COI because he satisfied all the statutory requirements. The State responds that the trial court properly denied petitioner a COI because he failed to satisfy two of the four statutory elements.

¶ 12 A trial court's ruling on a petition for a COI will usually not be reversed on appeal absent an abuse of discretion. See *People v. Brown*, 2022 IL App (4th) 220171, ¶ 11. However, because we are called upon to interpret the COI statute, the standard of review is *de novo*. See *id.*

¶ 13 In 2008, the Illinois legislature enacted the COI statute. Pub. Act 95-970, § 15 (eff. Sept. 22, 2008) (adding 735 ILCS 5/2-702)). In subsection (a) of the statute, the legislature declared "that innocent persons who have been wrongly convicted of crimes in Illinois have been frustrated in seeking legal redress due to a variety of substantive and technical obstacles in the law and that such persons should have an available avenue to obtain a finding of innocence so that they may obtain relief through a petition in the Court of Claims." 735 ILCS 5/2-702(a) (West 2022). Subsection (g) of the COI statute "states the elements to obtain a COI." *People v. Moore*, 2020 IL App (1st) 190435, ¶ 20. Subsection (g) provides:

"(g) In order to obtain a certificate of innocence the petitioner must prove by a preponderance of the evidence that:

(1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;

(2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; or (B) the statute, or application thereof, on which the indictment or

4

information was based violated the Constitution of the United States or the State of Illinois;

(3) the petitioner is innocent of the offenses charged in the indictment or information or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State; and

(4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." 735 ILCS 5/2-702(a)-(c),(g) (West 2022).

¶ 14                                    A. Subsection (g)(3)

¶ 15        The State argues for the first time on appeal that petitioner did not satisfy subsection (g)(3) of the statute because he did not prove for each charge he pled guilty to in his combined guilty plea that he was innocent or that his acts did not constitute a felony or misdemeanor against the State. Petitioner responds that the State forfeited this argument by failing to raise it below. Alternatively, petitioner contends that the State's argument is without merit because subsection (g)(3) required him to prove only that his AUUW conviction did not constitute a felony or misdemeanor against the State.

¶ 16        "Ordinarily, issues not raised in the trial court are considered forfeited on appeal." *People v. Chapman*, 379 Ill. App. 3d 317, 326 (2007). However, "[a]n appellee may raise any argument in support of the trial court's judgment, even if the argument was not raised before the trial court, provided the argument has a sufficient factual basis in the record." *People v. Coyne*, 2014 IL App (1st) 123105, ¶ 20 (citing *People v. Pinkonsly,* 207 Ill. 2d 555, 563 (2003)).

¶ 17        In the circuit court, the State asserted three reasons why petitioner was not entitled to a COI: (1) he did not timely file his petition for COI; (2) he has been incarcerated many more times since his conviction for AUUW and is currently incarcerated for murder; and (3) he caused or

5

brought about his conviction by pleading guilty. Neither in its written responses to the petition nor orally at the hearing on the petition did the State argue, as it does now, that petitioner failed to satisfy subsection (g)(3) of the COI statute. However, as the appellee in this case, the State can assert this argument for the first time on appeal to support the trial court's denial of the petition for COI because the record establishes that petitioner entered into a joint guilty plea for two crimes contained in two separate indictments. See *Coyne*, 2014 IL App (1st) 123105, ¶ 20. Thus, we will examine the merits of the State's argument.

¶ 18    In construing a statute, our primary goal is to ascertain and give effect to the legislative intent as evidenced by the plain and ordinary meaning of the statutory language. *People v. Palmer*, 2021 IL 125621, ¶ 53. Where the statutory language is clear and unambiguous, we must interpret it as written and not read into it "exceptions, limitations, or conditions that the legislature did not express." *People v. Legoo*, 2020 IL 124965, ¶ 14. Because a petitioner's ability to obtain a COI is created solely by statute, courts cannot engraft conditions not contained within the statute. *People v. Warner*, 2022 IL App (1st) 210260, ¶ 38.

¶ 19    Articles in a statute are meaningful; they "should not be overlooked or discounted." *People v. Hayden*, 2018 IL App (4th) 160035, ¶ 122. "'The' is a restrictive term; it indicates that 'a following noun or noun equivalent refers to someone or something previously mentioned or clearly understood from the context of the situation.'" *Sibenaller v. Milschewski*, 379 Ill. App. 3d 717, 722 (2008) (quoting Webster's Third New International Dictionary 2368 (1986)). "Thus, a principle of statutory construction is that 'the definite article "the" particularizes the subject it precedes. *It is a word of limitation as opposed to the indefinite or generalizing force of "a" or "an."*'" (Emphasis added.)" *Id.* (quoting *Brooks v. Zabka*, 450 P. 2d 644, 655 (Colo. 1969)).

¶ 20    Subsection (g)(3) requires the petitioner to prove by the preponderance of the evidence that he "is innocent of the offenses charged in *the indictment* or information or his or her acts or omissions charged in *the indictment* or information did not constitute a felony or misdemeanor against the State." (Emphasis added.) 735 ILC 5/2-702(g) (West 2022). "[T]he indictment" in subsection (g)(3) is a restrictive phrase that is first mentioned in the COI statute in subsection (c)(2), which provides: "his or her judgment of conviction was reversed or vacated, and *the indictment* or information dismissed \*\*\*. (Emphasis added.) *Id.* § 2-702(c)(2). As used in the COI statute, the phrase "the indictment" means "the indictment that charged the now-vacated conviction." *People v. Lesley,* 2024 IL App (3d) 210330, ¶ 43.

¶ 21    The language of subsection (g)(3) of the COI statute does not support the State's position that when a petitioner enters into a joint guilty plea for crimes charged in more than one indictment, the petitioner must prove for *all* charges contained in *all* indictments that he was innocent or that the acts do not constitute crimes. See *id*. ¶¶ 43-43. Rather, the unambiguous language of subsection (g)(3) requires the petitioner to prove only that the charges contained in the indictment charging him with the now-vacated crime do not constitute crimes and/or that he is innocent of those crimes. See *id*.

¶ 22    Here, the only crime charged by the indictment in Peoria County case No. 03-CF-498 was AUUW, which the supreme court found unconstitutional in *Aguilar*, thereby rendering the statute void *ab initio*. See *McClinton*, 2018 IL App (3d) 160648, ¶ 20. Thus, petitioner satisfied his burden under subsection (g)(3) of demonstrating that the acts charged in "the indictment" did not constitute a felony or misdemeanor under the laws of this state. See *id.* ¶ 21.

¶ 23                                    B. Subsection (g)(4)

¶ 24    The State also contends that petitioner did not satisfy subsection (g)(4) of the COI statute because petitioner voluntarily caused or brought about his conviction by pleading guilty to AUUW. Petitioner responds that pursuant to our supreme court's decision in *People v. Washington*, 2023 IL 127952, his guilty plea did not preclude him from obtaining a COI.

¶ 25    Subsection (g)(4) of the COI statute requires a petitioner to prove by the preponderance of the evidence that he or she "did not by his or her own conduct voluntarily cause or bring about his or her conviction." 735 ILCS 5/2-702(g)(4) (West 2022). In 2021, the First District ruled that "[a] defendant who has pled guilty 'cause[d] or brought about his or her conviction' [citation] and is not entitled to a certificate of innocence." *People v. Washington*, 2020 IL App (1st) 163024, ¶ 25 (*rev'd*, 2023 IL 127952)). Our supreme court disagreed, finding "nothing in the plain language of the certificate of innocence statute that precludes plea petitioners from obtaining a certificate of innocence." *People v. Washington,* 2023 IL 127952, ¶ 30. The supreme court explained:

"The legislative intent, as expressed in the plain language of the statute, does not reflect a blank prohibition precluding petitioners convicted based on guilty pleas. The legislature expressed its intent in the statute, stating the statutory purpose as threefold: (1) to sweep away technical obstacles, (2) to preclude certificates to those petitioners who voluntarily caused or brought about their convictions, and (3) to provide resources and compensation for innocent people wrongly incarcerated. 735 ILCS 5/2-702 (West 2016). Rather than preclude plea petitioners, the legislature focused on the voluntariness of a petitioner's conduct in causing or bringing about his conviction. The statute looks at the petitioner's conduct, that is, whether he voluntarily caused or brought about his conviction, not whether he pleaded guilty. A petitioner who pleaded guilty might not have caused or brought about his conviction. The appellate court's ruling eliminates from this group any petitioners who

8

pleaded guilty, and its conclusion conflicts with the statute's plain language and its intent."

*Id.*

¶ 26    The supreme court held that the determination of whether a petitioner voluntarily caused or brought about his conviction "should be made considering the totality of the circumstances on a case-by-case basis in light of the remedial purpose of the statute." *Id.* ¶ 42. The court ultimately concluded that the petitioner did not voluntarily cause or bring about his conviction because "abusive and coercive conduct of the police" rendered his confession involuntary and led to his involuntary decision to plead guilty. See *id.* ¶¶ 59-60.

¶ 27    In support of its decision, our supreme court in *Washington* cited with approval this court's decision in *People v. McClinton*, 2018 IL App (3d) 160648, stating:

"In *People v. McClinton*, 2018 IL App (3d) 160648, ¶ 21, 424 Ill.Dec. 918, 110 N.E.3d 268, the appellate court found that, because the statute under which the petitioner was convicted was found unconstitutional, the petitioner did not cause or bring about her conviction. The appellate court reasoned that, because the statute criminalizing the petitioner's conduct was void, her actions that resulted in her conviction were not criminal when she committed them and she did not 'intentionally cause or bring about her conviction.' *Id. McClinton* bolsters the intent of the legislature to broadly construe the statute for petitioners who did not voluntarily cause or bring about their convictions to provide an 'available avenue to obtain a finding of innocence.' 735 ILCS 5/2-702(a) (West 2016)." *Washington*, 2023 IL 127952, ¶ 44.

¶ 28    In *McClinton*, 2018 IL App (3d) 160648, ¶ 20, we considered whether the petitioner voluntarily brought about his conviction for AUUW. In that case, we stated:

9

"When a statute is held to be facially unconstitutional, as is the situation in this case, the statute is said to be void *ab initio* or void from the beginning. [Citation.] If the AUUW statute is void from the beginning, McClinton's conduct on March 14 would not have voluntarily brought about a conviction under a statute that was 'constitutionally infirm from the moment of its enactment.' [Citation.] This reasoning further comports with the legislative intent of the statute, which is to 'distinguish between a finding of not guilty at retrial and actual innocence of the charged offenses.'" *Id.*

With respect to subsection (g)(4), we found the petitioner "did not intentionally cause or bring about her conviction because the statute that criminalized McClinton's actions is void *ab initio*, and therefore, her actions for which she was charged, convicted, sentenced and incarcerated were not criminal at the time." *Id.* ¶ 21. Thus, we concluded that the trial court abused its discretion in denying the petitioner a COI. *Id.* ¶ 22.

¶ 29 We acknowledge the facts of this case are distinguishable from *McClinton*, where the petitioner was found guilty of AUUW following a trial. See *id.* ¶ 5. However, our court's reasoning in *McClinton* applies equally to a petitioner who pleads guilty to AUUW. See *Lesley*, 2024 IL App (3d) 210330, ¶ 50. "[I]n either case, the statute that criminalized the conduct was void and so the conduct was not criminal at the time." *Id.* A "petitioner cannot be held to have caused or brought about his conviction by pleading guilty to an unconstitutional offense." *Id.*

¶ 30 Here, petitioner was charged with and pled guilty to violating the portion of the AUUW statute that our supreme court found unconstitutional in *Aguilar*. Because of its unconstitutionality, that portion of the AUUW statute is considered void *ab initio*. See *McClinton,* 2018 IL App (3d) 160648, ¶ 20. As a result, petitioner's guilty plea did not voluntarily cause or bring about his conviction because petitioner pleaded guilty to acts that were "not criminal at the time" of his

10

guilty plea. See *id.* ¶ 21; *Lesley*, 2024 IL App (3d) 210330, ¶ 50. Thus, petitioner met his burden under subsection (g)(4). See *id.* ¶ 51.

¶ 31    Because petitioner met all the requirements of subsection (g) of the COI statute, the circuit court erred in denying petitioner a COI. See *id.* ¶ 53. We vacate the circuit court's order denying petitioner a COI and remand for the circuit court to issue petitioner a COI.

¶ 32                              III. CONCLUSION

¶ 33    The judgment of the circuit court of Peoria County is vacated, and the cause is remanded for issuance of a COI.

¶ 34    Vacated and cause remanded.