**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 3230612-U

Order filed November 14, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-23-0612 |
| | ) | Circuit No. 90-CF-1445 |
| EURON MATTHEWS, | ) | |
| | ) | The Honorable |
| Defendant-Appellee. | ) | David Carlson, |
| | ) | Judge, presiding. |

_____

JUSTICE ANDERSON delivered the judgment of the court.
Presiding Justice Brennan and Justice Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The judgment granting defendant Matthews a Certificate of Innocence is reversed because defendant did not establish that he was innocent of a previously nol-prossed charge.

¶ 2     In 1990, the State charged Euron Matthews, with unlawful use of a weapon (UUW) and possession of a stolen motor vehicle (PSMV). He pled guilty to UUW in exchange for the State's agreement to nol-pros the PSMV charge. In 2013, the Illinois Supreme Court declared the UUW

statute unconstitutional. Matthews filed a petition for a certificate of innocence (COI), which the Will County Circuit Court granted. The State appeals the grant of the COI. We reverse.

¶ 3                                                I. BACKGROUND

¶ 4        In 1990, the State charged Matthews in a two-count information with PSMV (Ill. Rev. Stat. 1988, ch. 95½, § 4-103(a)(1)) and UUW (Ill. Rev. Stat. 1988, ch. 38, § 24-1) in Will County case number 90-CH-1445. Matthews pled guilty to UUW; the State nol-prossed the PSMV charge, and Matthews received a sentence of 12 months' probation.

¶ 5        In 1994, Matthews was convicted of unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 1992)) in Will County case number 94-CF-2443. He was sentenced to four years in the Department of Corrections.

¶ 6        In 2013, the Illinois supreme court declared certain sections of the then-existing UUW statute unconstitutional in *People v. Aguilar*, 2013 IL 112116, ¶ 22. This led, directly or indirectly, to several other appeals, including *People v. Matthews*, 2020 IL App (4th) 170782-U, *People v. Matthews*, 2022 IL App (4th) 210752, and *People v. Matthews*, 2024 IL App (4th) 230414-U.

¶ 7        In late 2023, Matthews filed petitions for COI in connection with Will County cases 90-CH-1445 and 94-CF-2443, ostensibly on the basis that the Illinois supreme court struck down the statute he violated. The State did not object to the petition in case 94-CF-2443 but objected to the request in case 90-CH-1445. The State argued that Matthews could only receive a COI if he proved his innocence with regard to *all* charges asserted in that case, including the PSMV charge that was nol-prossed.

¶ 8        In October 2023, the trial judge conducted a hearing on the contested COI petition. Over the State's objection, the trial court orally granted the petition in 90-CF-1445 without any meaningful explanation as to its reasoning. The trial judge merely said, "on 90-CF-1445 over the

2

State's objection Mr. Matthews is a big winner. I'm entering a certificate of innocence on that." The next day, the court memorialized its ruling with a written order but failed to check any of the boxes in the form order that would have identified findings supporting the ruling. The State filed a timely appeal.

¶ 9                                                    II. ANALYSIS

¶ 10        Under section 2-702(g), a COI petitioner must prove by a preponderance of evidence as follows:

> "(1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;
>
> (2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; or (B) the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;
>
> (3) the petitioner is innocent of the offenses charged in the indictment or information or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State; and
>
> (4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." 735 ILCS 5/2-702(g) (West 2020).

¶ 11        The issue in this case is whether section 2-702(g)(3)'s requirement that a COI petitioner prove "innocen[ce] of the offenses charged in the indictment or information" includes a showing

3

of innocence for a nol-pressed charge. Because this is a question of statutory interpretation, our review is *de novo*. *People v. Hilton*, 2023 IL App (1st) 220843, ¶ 15.

¶ 12 When this appeal was filed, there existed a split of authority. For example, the first and fourth appellate districts have held that a COI petitioner must establish innocence of *all* charges identified in the indictment or information. See, *e.g.*, *People v. Warner*, 2022 IL App (1st) 210260; *People v. Brown*, 2022 IL App (4th) 220171. In contrast, the second district determined that section 2-702(g)(3) only requires proof of innocence on the specific charge upon which the request for the COI is based. See *People v. Green*, 2024 IL App (2d) 220328.

¶ 13 Our court squarely addressed this issue in *People v. Jones*, 2024 IL App (3d) 210414, ¶¶ 16-17, and again in *People v. Lesley*, 2024 IL App (3d) 210330, ¶ 41. In those cases, we concluded that the statute's purpose and broad reference to the "the offenses charged" require a COI petitioner to establish innocence of *all* offenses set forth in the charging instrument. *Id*. Like the first district and fourth district, we believed this approach was more consistent with our duty to afford statutes their plain meaning and to avoid adding exceptions or limitations that do not expressly exist. See *Seyller v. County of Kane*, 408 Ill. App. 3d 982, 991 (2011) (stating that courts are not permitted to read exceptions or limitations that do not expressly exist into statutes).

¶ 14 Most recently, our supreme court considered—and resolved—this conflict in *People v. Reed*, 2025 IL 130595. That court was persuaded by a statements in *Warner* that when the " 'State nol-prossed the charges [it was] based on a litigation decision and not on a concession of innocence' " and that the *Warner* defendant, " 'to obtain a COI, *** was required to show his innocence as to the offenses charged in the information including those that were nol-prossed pursuant to the negotiated plea agreement.' " *Id*. ¶¶ 131-32 (quoting *Warner*, 2022 IL App (1st) 210260, ¶ 42). The court concluded that "the plain language of the COI provisions required

4

petitioner to prove his innocence as to all the offenses charged in the information, including those that were nol-prossed as part of the negotiated plea agreement." *Id*. ¶ 136.

¶ 15     We next consider whether Matthews established his innocence relative to the PSMV charge, and we conclude he did not. Indeed, his petition was completely silent regarding the nol-prossed charge. Accordingly, Matthews did not meet his burden, and we hold that the circuit court erred in granting the COI.

¶ 16                                      III. CONCLUSION

¶ 17     For the reasons stated, the grant of a Certificate of Innocence to Matthews by the circuit court of Will County is reversed.

¶ 18     Reversed.