NOTICE

Decision filed 01/07/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 241347-U

NO. 5-24-1347

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 06-CF-1091 |
| | ) | |
| DARELLE D. FOX, | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Barberis and Hackett concurred in the judgment.

**ORDER**

¶ 1 *Held*: The circuit court did not err in denying the defendant's petition for a certificate of innocence. Defendant was not entitled to a certificate of innocence where one of his three convictions was vacated, while the other two remained valid.

¶ 2 Defendant, Darelle D. Fox, appeals from the denial of his petition for a certificate of innocence, arguing that the circuit court erred in not granting the petition because the statute underpinning his conviction was declared unconstitutional and void *ab initio.* For the reasons explained below, we affirm the judgment of the circuit court.

¶ 3 I. BACKGROUND

¶ 4 On August 3, 2006, defendant was charged by information with the following offenses: count I, attempt (first degree murder); count II, aggravated battery with a firearm; count III, aggravated unlawful use of a weapon (AUUW); count IV, unlawful possession of a weapon by a

1

felon; count V, unlawful possession of a controlled substance; and count VI, armed violence. On December 6, 2006, defendant pled guilty to counts II, III, and VI. He received concurrent sentences of 10, 7, and 10 years' incarceration, respectively. The State moved to dismiss the remaining counts I, V, and VI, which the circuit court granted.

¶ 5     On April 23, 2023, defendant filed a *pro se* motion to vacate conviction and render judgment void, attacking his conviction on count III, AUUW, based on the Illinois Supreme Court's ruling in *People v. Aguilar*, 2013 IL 112116, ¶ 22. This decision held that section 24-1.6(a)(1), (a)(3)(A), (d) of the Criminal Code of 1961 (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2008)), under which he was charged, was unconstitutional. On June 9, 2023, the State confessed to defendant's motion, and the circuit court vacated the judgment as to the AUUW conviction.

¶ 6     Defendant filed a *pro se* petition for a certificate of innocence based on the vacated count III on August 20, 2024. Following a hearing, the circuit court denied defendant's petition on December 6, 2024. The circuit court's ruling appears in a docket entry on that date, with no written order providing an explanation of the court's reasoning. The transcript of this hearing exists, but is not included in the record on appeal. Defendant wrote to the clerk of the court, requesting that the record on appeal, including a copy of the December 6, 2024, hearing transcript, be provided to him. The circuit court directed the clerk of the court to prepare a notice of appeal for defendant, but denied his request for the transcript, explaining that the certificate-of-innocence proceeding was a civil matter, and defendant was therefore not entitled to a free copy of the transcript. The court instructed him to contact the court reporter supervisor to purchase a copy.

¶ 7     After the matter on appeal was fully briefed, defendant filed a motion with this court, asking to supplement the record on appeal with the missing transcript. He acknowledged in his

2

motion that he was obligated to pay for it, but argued that the clerk of the court violated Illinois Supreme Court Rule 608 (eff. July 1, 2017) by failing to furnish a complete record on appeal. We denied his motion, echoing the circuit court's explanation that defendant—by his own admission—was required to pay for a copy of the transcript to be included in the record on appeal from a civil proceeding. We further found that his motion was untimely, as the appropriate time to supplement the record on appeal is prior to the completion of briefing. Defendant subsequently filed a motion to reconsider our order, which we also denied, stating that both parties completed briefing without the use of the transcript and without raising the issue; thus, it was too late to supplement the record and to do so would cause significant delay.

¶ 8                                              II. ANALYSIS

¶ 9       The decision whether to grant or deny a petition for a certificate of innocence is at the discretion of the circuit court. See 735 ILCS 5/2-702(a) (West 2024). There is a split in authority on whether the appropriate standard of review is "abuse of discretion" or "manifest weight of the evidence." See *People v. Washington*, 2023 IL 127952, ¶ 47 (recognizing split); see also *People v. Terrell*, 2022 IL App (1st) 192184, ¶ 51 (discussing recent disagreement within the First District whether the "manifest weight of the evidence" or "abuse of discretion" standard is more applicable but noting that both are deferential standards of review). We need not decide which standard of review applies, because under either standard, we find defendant was not entitled to a certificate of innocence. See *Washington*, 2023 IL 127952, ¶ 47.

¶ 10      The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to a certificate of innocence. *People v. Rodriguez*, 2021 IL App (1st) 200173, ¶ 44. Section 2-702(g) of the Code of Civil Procedure (Code) (735 ILCS 5/2-702(g) (West 2024)) lists the requirements the petitioner must show:

3

"(1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;

(2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; or (B) the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;

(3) the petitioner is innocent of the offenses charged in the indictment or information or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State; and

(4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." *Id.*

Each element of this section must be satisfied for the petitioner to meet his burden of proof. *People v. Moore*, 2020 IL App (1st) 190435, ¶ 21.

¶ 11    Defendant contends that the circuit court erred in denying his petition because he is innocent of all charges for which he was imprisoned, and the charges that the State dismissed by *nolle prosequi* did not result in convictions and thus should not be considered in applying the statute. He contends that the circuit court misconstrued the statute by reading into it the requirement that he prove his innocence of all offenses charged, rather than only those for which he was convicted and incarcerated. He further asks us to consider the legislative intent of the statute, which he argues is contrary to the State's proposed interpretation and should not be read to deny him relief from the void conviction because of his other, valid convictions.

¶ 12    The State argues in response that defendant forfeited his challenge to the denial of his petition by failing to provide a transcript of the certificate-of-innocence hearing in the record on appeal. In the alternative, the State argues that we should affirm the circuit court's decision because defendant still had two convictions—separate from the dismissed charges—for which he was

4

incarcerated that were not void and for which he did not show innocence. Specifically, the State points to his plea of guilty to aggravated battery with a firearm, unlawful possession of a weapon by a felon, and AUUW. Only the last of these was found to be based on an unconstitutional statute and thus void. Defendant received concurrent sentences of 10 years each for the two valid convictions, as well as a concurrent seven-year sentence for AUUW.

¶ 13    Before turning to the parties' arguments, we first address the incompleteness of the record on appeal, which does not include a transcript of the December 6, 2024, hearing on defendant's petition for a certificate of innocence. Although they arise from criminal matters, proceedings requesting a certificate of innocence are civil in nature. *Rodriguez*, 2021 IL App (1st) 200173, ¶ 44. Therefore, as the circuit court explained in denying defendant's request for the document, he is not entitled to a free copy of the transcript as he would be in criminal proceedings. Rather, he must provide it at his own expense. See Ill. S. Ct. R. 329 (eff. July 1, 2017) ("If the record is insufficient to present fully and fairly the questions involved, the requisite portions may be supplied at the cost of the appellant.").

¶ 14    Defendant attempts to circumvent his failure to provide the transcript by arguing that the clerk of the circuit court did not include the transcript when preparing the record on appeal, in violation of Rule 608. Ill. S. Ct. R. 608 (eff. July 1, 2017) (requiring the clerk of the court to prepare a complete record on appeal). However, Rule 608 governs criminal appeals, and is inapplicable to this case.

¶ 15    It is the appellant's duty to provide a sufficiently complete record of the lower court proceedings to support his claims on appeal. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 318-19 (2003). In the absence of a sufficiently complete record on appeal, "the reviewing court will presume that the order entered by the trial court was in conformity with the law and had

5

a sufficient factual basis. [Citations.] The court will resolve any doubts arising from the incompleteness of the record against the appellant." *Rogers*, 204 Ill. 2d at 319; *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Furthermore, defendant is not entitled to a more lenient standard due to his *pro se* status and must abide by the same rules as an appellant who is represented by counsel. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78.

¶ 16    Here, the State argues on appeal that we should find that defendant forfeited his challenge to the denial of his certificate of innocence because he failed to provide "all the evidence pertinent to the issues on appeal." Ill. S. Ct. R. 323(a) (eff. July 1, 2017). The State notes in support that a court of review must have a sufficient record to review in order to determine whether the appellant's alleged error took place, and without that record, we are precluded from conducting a meaningful review and must presume the circuit court's ruling was correct.

¶ 17    We will continue with our analysis, using the record we have available. However, we presume the circuit court did not commit error at the certificate-of-innocence hearing and we will resolve any doubts arising from the incomplete record against defendant. As an initial note, we agree with the State that the relevant issue on appeal is not whether defendant was required to prove his innocence of the charges that the State dismissed by *nolle prosequi*. Furthermore, as explained above, we presume that the circuit court did not base its ruling on such grounds. Rather, the relevant question is whether defendant was "innocent of the offenses charged in the indictment or information," where only one of defendant's three convictions for which he was imprisoned was vacated. 735 ILCS 5/2-702(g)(3) (West 2024).

¶ 18    The First District faced a similar question in *Moore*, 2020 IL App (1st) 190435, where the defendant was convicted of four offenses, one of which—an armed habitual criminal offense premised on AUUW—was later vacated following the *Aguilar* decision. *Id.* ¶ 1. The defendant

appealed the denial of his petition for a certificate of innocence, and the First District affirmed the circuit court, finding that section 2-702 of the Code did not permit issuing a certificate of innocence "unless the petitioner is deemed innocent of *all* charges in the indictment for which the petitioner was convicted." (Emphasis in original.) *Id.* ¶ 3.

¶ 19 The court explained that the plain language of the statute did not authorize a certificate of innocence for a defendant who "was properly incarcerated based on at least one conviction, even though he or she was improperly incarcerated based on another." *Id.* ¶ 35; *People v. Warner*, 2022 IL App (1st) 210260, ¶¶ 30-32, 43 (discussing and applying *Moore*); *People v. Gomez*, 2021 IL App (1st) 192020, ¶¶ 68-69 (same). This was, *inter alia*, based on the court's interpretation of section 2-702(b) of the Code (735 ILCS 5/2-702(b) (West 2024)), which explains who may petition for a certificate of innocence. *Moore*, 2020 IL App (1st) 190435, ¶ 19.

¶ 20 Subsection (b) provides:

> "Any person convicted and subsequently imprisoned for *one or more* felonies by the State of Illinois *which he or she did not commit* may, under the conditions hereinafter provided, file a petition for certificate of innocence in the circuit court of the county in which the person was convicted. The petition shall request a certificate of innocence finding that the petitioner was *innocent of all offenses for which he or she was incarcerated*." (Emphases added.) *Id*.

As the court explained in *Moore*, this language "unequivocally contemplates a petitioner who is innocent of *all* offenses." (Emphasis in original.) *Moore*, 2020 IL App (1st) 190435, ¶ 33. Therefore, defendant is not authorized to obtain a certificate of innocence on some, but not all, of the offenses for which he was incarcerated. See *id.*

¶ 21 We agree with the reasoning in *Moore*. Since defendant was convicted of two other offenses for which he was incarcerated, and he has not raised any argument of his innocence for either conviction, we conclude that the circuit court properly denied his petition.

7

¶ 22                           III. CONCLUSION

¶ 23    For the reasons stated above, the circuit court did not err in denying defendant's petition

for a certificate of innocence. The judgment of the circuit court is affirmed.


¶ 24    Affirmed.